FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA 2013 JUL 10  A 8: 52
ALEXANDRIA DIVISION

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

ICONTROL NETWORKS, INC.,          )
                                  )
          Plaintiff,              )     Civil Action No.: 1:13CV834 TSE/IDD
                                  )
     v.                           )
                                  )     **JURY TRIAL DEMANDED**
ALARM.COM INCORPORATED AND        )
FRONTPOINT SECURITY SOLUTIONS, LLC, )
                                  )
          Defendants.             )
                                  )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff iControl Networks, Inc. ("iControl") hereby alleges for its Complaint against defendants Alarm.com Incorporated ("Alarm.com") and FrontPoint Security Solutions, LLC ("FrontPoint") (collectively, "Defendants") on personal knowledge as to iControl's own actions and on information and belief as to the actions of others, as follows:

### THE PARTIES

1.     Plaintiff iControl is a Delaware corporation with its principal place of business at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065.

2.     Defendant Alarm.com is a Delaware corporation with its principal place of business in this judicial district and in this division at 8150 Leesburg Pike, Suite 1400, Vienna, Virginia 22182.

3.     Defendant FrontPoint is a Delaware corporation with its principal place of business in this judicial district and in this division at 1568 Spring Hill Road, Suite 100, McLean, Virginia 22102.

## JURISDICTION AND VENUE

4.    This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.    Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Each Defendant resides in this judicial district, has committed and continues to commit acts of patent infringement in this district giving rise to this action, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

6.    Personal jurisdiction over the Defendants is proper because, *inter alia,* each Defendant's principal place of business is located in the Commonwealth of Virginia and within this district. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Virginia Long Arm Statute, due at least to its substantial business in this Commonwealth and judicial district, including:  (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Virginia residents.

## iCONTROL

7.    iControl is a pioneer and innovator in the home management industry, including interactive home security, home monitoring, home management and control, and energy management.  Originally founded in 2003, iControl introduced its Wi-Fi-based home management system in 2005, Z-Wave and Wi-Fi-based home security solution in 2007, and the first interactive home security touchscreen with Web content in 2008.

8.    In 2007, iControl delivered the first client-server solution to manage Z-Wave home control networks, Wi-Fi video sub-networks, and interactive home management touchscreens to control both home security and home management aspects.

9.      Today, iControl continues to innovate and to invest in research and development efforts to bring innovative products and solutions to the home management and security market.

10.     iControl is a strong believer in intellectual property and has protected its investments with a broad and growing portfolio of patents and trade secrets.  iControl files this Complaint against Defendants Alarm.com and FrontPoint for infringement of U.S. Patent No. 7,262,690, U.S. Patent No. 7,911,341, U.S. Patent No. 8,073,931, U.S. Patent No. 8,335,842, U.S. Patent No. 8,473,619, and U.S. Patent No. 8,478,844 (collectively, the "Patents-in-Suit").

### ALARM.COM AND FRONTPOINT

11.     On information and belief, two Goldman Sachs bankers, Chris Villar and Aaron Schumaker, and their associate Peter Rogers, a security consultant to Goldman Sachs, founded FrontPoint Security in 2007.  In 2009, Mr. Villar described the company as focused on DIY (Do-It-Yourself) home security.  He has further stated that that 75-80 percent of FrontPoint customers sign up for new features such as "online control" and "video."  FrontPoint Security uses Alarm.com for its cellular connectivity, alarm reporting, and online solutions, including Alarm.com's video, Z-Wave, and Internet content solutions.

12.     In 2007, on behalf of FrontPoint, Chris Villar and Peter Rogers approached iControl representing their interest in licensing the iControl technology.  In May of 2007, FrontPoint visited iControl's offices in Palo Alto, CA.  At iControl, FrontPoint entered into a mutual Non-Disclosure Agreement with iControl and was then introduced to iControl's proprietary technology.  In a series of technical and business discussions, iControl educated Mr. Villar and Mr. Rogers on iControl's product roadmap and technology, including how iControl had added Z-Wave technology (including lighting, thermostats, and appliance control) to traditional security systems, such as the GE Simon XT.  iControl demonstrated the use of mobile and web-based clients in the iControl system, specifically for use in controlling Z-Wave devices, including lighting, appliances, and thermostats and Wi-Fi cameras for live video and event-based photos.

13.     On May 31, 2007, iControl then provided an evaluation system to Mr. Villar to help him understand the more detailed operation of the iControl system, in particular its integration with the GE Simon, its video management capabilities, remote access from mobile phone devices, and the utilization of its Z-Wave local area network.

14.     After receiving positive feedback from FrontPoint on the evaluation system, on July 6, 2007, iControl provided a detailed demonstration of the server management tools and infrastructure that FrontPoint could utilize to manage Z-Wave and GE Security-based systems in the field. As a part of this demonstration, FrontPoint was exposed to iControl's proprietary tools and architecture whereby the iControl system utilized server objects to manage the corresponding security or Z-Wave devices in the home.

15.     After continuing discussions in July of 2007, iControl then introduced FrontPoint to the new interactive touchscreen that iControl was developing in conjunction with GE Security. Peter Rogers expressed positive feedback on the touchscreen, which allowed a consumer for the first time to both control an alarm system and also present and interact with web-based content through a combination of interfaces tailored for home security, home control and management, and interactive internet content such as weather, sports, news, and traffic. iControl and GE Security launched the new interactive touchscreen based on iControl's technology in 2008.

16.     Following these discussions, in November of 2007 Mr. Villar indicated that it was FrontPoint's intention to go forward with Alarm.com for basic wireless security functionality and that Mr. Villar was interested in working with iControl later, particularly when the new touchscreen technology was integrated into a GE Security panel. All information provided by iControl during its discussions with FrontPoint was and is still covered under the mutual Non-Disclosure Agreement between the parties, which explicitly restricted FrontPoint from sharing any such information.

17.     According to FrontPoint's website, "FrontPoint partnered with Alarm.com to provide the wireless cellular technology included in every FrontPoint alarm system." The

website further states, "FrontPoint is the only home security provider named Alarm.com's Preferred Dealer for Easy Installation. FrontPoint is also the only Alarm.com dealer operating in all 50 states."

18.     On information and belief, Alarm.com originally focused its business on the development of pager-based and later cellular-based home security alarm monitoring with basic remote control of the alarm system. Since 2009, Alarm.com's purported business focus has been the delivery of wireless and web-enabled security and activity monitoring technology for residential and commercial customers.

19.     On information and belief, on April 1, 2009, Alarm.com launched its first video monitoring product and its first mobile application, with a set of cameras that were not integrated with the Alarm.com radio module. Alarm.com indicated that the solutions enabled a consumer to remotely control their video cameras and alarm system from a mobile phone, including the iPhone.

20.     On information and belief, on June 15 2010, Alarm.com launched its first home management product, EmPower, which for the first time integrated the Z-Wave local area networking technology with the Alarm.com radio module. Alarm.com indicated at this time that its users could "remotely monitor and change their thermostat settings" and "lock and unlock doors, even when remote."

**COUNT I**

**(INFRINGEMENT OF U.S. PATENT NO. 7,262,690)**

21.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

22.     On August 28, 2007, the United States Patent and Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 7,262,690 ("the '690 Patent"), entitled "Method and System for Monitoring Events." A copy of the '690 Patent is attached hereto as **Exhibit A**. iControl is the owner and assignee of all right, title and interest in and to the '690 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

23.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '690 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems.  These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services).  *See* http://www.alarm.com and http://www.frontpointsecurity.com.  Defendants are, thus, liable for direct infringement of the '690 Patent pursuant to 35 U.S.C. § 271(a).

24.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '690 Patent.  As of at least the date of the filing of this Complaint, Defendants have knowledge of the '690 Patent and that their products and services for monitoring and controlling home security systems infringe the '690 Patent.  On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention.  Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

25.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '690 Patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendants are, therefore, liable for indirect infringement of the '690 Patent pursuant to 35 U.S.C. § 271(c).

26.     As a direct and proximate consequence of Defendants' infringement of the '690 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial.  iControl is also entitled to injunctive relief.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,911,341)

27.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

28.     On March 22, 2011, the PTO duly and lawfully issued U.S. Patent No. 7,911,341 ("the '341 Patent"), entitled "Method For Defining and Implementing Alarm/Notification by Exception." A copy of the '341 Patent is attached hereto as **Exhibit B**. iControl is the owner and assignee of all right, title and interest in and to the '341 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

29.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '341 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com and http://www.frontpointsecurity.com. Defendants are, thus, liable for direct infringement of the '341 Patent pursuant to 35 U.S.C. § 271(a).

30.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '341 Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the '341 Patent and that their products and services for monitoring and controlling home security systems infringe the '341 Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

31.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '341 Patent and are not staple articles

of commerce suitable for substantial non-infringing use. Defendants are, therefore, liable for indirect infringement of the '341 Patent pursuant to 35 U.S.C. § 271(c).

32.     As a direct and proximate consequence of Defendants' infringement of the '341 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial. iControl is also entitled to injunctive relief.

**COUNT III**

**(INFRINGEMENT OF U.S. PATENT NO. 8,073,931)**

33.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

34.     On December 6, 2011, the PTO duly and lawfully issued U.S. Patent No. 8,073,931 ("the '931 Patent"), entitled "Networked Touchscreen with Integrated Interfaces." A copy of the '931 Patent is attached hereto as **Exhibit C.** iControl is the owner and assignee of all right, title and interest in and to the '931 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

35.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '931 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com and http://www.frontpointsecurity.com. Defendants are, thus, liable for direct infringement of the '931 Patent pursuant to 35 U.S.C. § 271(a).

36.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '931 Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the '931 Patent and that their products and services for monitoring and controlling home security systems infringe the '931 Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the

patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

37.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '931 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants are, therefore, liable for indirect infringement of the '931 Patent pursuant to 35 U.S.C. § 271(c).

38.     As a direct and proximate consequence of Defendants' infringement of the '931 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial. iControl is also entitled to injunctive relief.

<u>COUNT IV</u>

**(INFRINGEMENT OF U.S. PATENT NO. 8,335,842)**

39.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

40.     On December 18, 2012, the PTO duly and lawfully issued U.S. Patent No. 8,335,842 ("the '842 Patent"), entitled "Premises Management Networking." A copy of the '842 Patent is attached hereto as **Exhibit D**. iControl is the owner and assignee of all right, title and interest in and to the '842 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

41.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '842 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com

and http://www.frontpointsecurity.com. Defendants are, thus, liable for direct infringement of the '842 Patent pursuant to 35 U.S.C. § 271(a).

42.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '842 Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the '842 Patent and that their products and services for monitoring and controlling home security systems infringe the '842 Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

43.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '842 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants are, therefore, liable for indirect infringement of the '842 Patent pursuant to 35 U.S.C. § 271(c).

44.     As a direct and proximate consequence of Defendants' infringement of the '842 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial. iControl is also entitled to injunctive relief.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 8,473,619)

45.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

46.     On June 25, 2013, the PTO duly and lawfully issued U.S. Patent No. 8,473,619 ("the '619 Patent"), entitled "Security Network Integrated with Premise Security System." A copy of the '619 Patent is attached hereto as **Exhibit E.** iControl is the owner and assignee of all right, title and interest in and to the '619 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

47.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '619 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com and http://www.frontpointsecurity.com. Defendants are, thus, liable for direct infringement of the '619 Patent pursuant to 35 U.S.C. § 271(a).

48.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '619 Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the '619 Patent and that their products and services for monitoring and controlling home security systems infringe the '619 Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

49.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '619 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants are, therefore, liable for indirect infringement of the '619 Patent pursuant to 35 U.S.C. § 271(c).

50.     As a direct and proximate consequence of Defendants' infringement of the '619 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial. iControl is also entitled to injunctive relief.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 8,478,844)

51.     Paragraphs 1-20 are reincorporated by reference as if fully set forth herein.

52.     On July 2, 2013, the PTO duly and lawfully issued U.S. Patent No. 8,478,844 ("the '844 Patent"), entitled "Forming a Security Network Including Integrated Security System Components and Network Devices." A copy of the '844 Patent is attached hereto as **Exhibit F**. iControl is the owner and assignee of all right, title and interest in and to the '844 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

53.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '844 Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com and http://www.frontpointsecurity.com. Defendants are, thus, liable for direct infringement of the '844 Patent pursuant to 35 U.S.C. § 271(a).

54.     Defendants have been and continue to actively induce and encourage infringement of one or more claims of the '844 Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the '844 Patent and that their products and services for monitoring and controlling home security systems infringe the '844 Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

55.     Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the '844 Patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendants are, therefore, liable for indirect infringement of the '844 Patent pursuant to 35 U.S.C. § 271(c).

56.     As a direct and proximate consequence of Defendants' infringement of the '844 Patent, iControl has and will continue to suffer irreparable injury and damages for which iControl is entitled to relief in an amount to be determined at trial.  iControl is also entitled to injunctive relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Eastern District of Virginia, iControl demands a jury trial on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff iControl requests entry of judgment in its favor and against defendants Alarm.com and FrontPoint Security as follows:

A.     A judgment that Defendants have jointly and severally directly infringed, induced infringement, contributorily infringed, and willfully infringed one or more claims of each of the Patents-in-Suit;

B.     Enjoining Defendants and their officers, agents, servants, employees and attorneys, and all persons acting in active concert or participation with it, from further infringing, contributing to and/or inducing infringement of the Patents-in-Suit, in accordance with 35 U.S.C. § 283;

C.     Awarding iControl damages in an amount adequate to compensate iControl for Defendants' infringement of the Patents-in-Suit, in accordance with 35 U.S.C. § 284;

D.     Awarding iControl its costs of suit, including reasonable attorneys' fees; and

E.   Granting such other and further relief as this Court may deem just and appropriate.

Dated:  July 10, 2013

Respectfully submitted,

By: _____
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
Email:  senoona@kaufcan.com
Email:  mewarmbier@kaufcan.com

James C. Yoon (*pro hac vice* application to be filed)
Ryan R. Smith (*pro hac vice* application to be filed)
Alyssa N. Knutson (*pro hac vice* application to be filed)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811
Email:  jyoon@wsgr.com
Email:  rsmith@wsgr.com
Email:  aknutson@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*