**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

ICONTROL NETWORKS, INC.,

Plaintiff,

v.

ALARM.COM INCORPORATED AND
FRONTPOINT SECURITY SOLUTIONS, LLC,

Defendants.

Case No. 1:13CV834 (LMB-IDD)

**JURY TRIAL DEMANDED**

**ANSWER AND COUNTERCLAIMS
OF DEFENDANT ALARM.COM INCORPORATED**

Defendant Alarm.com Incorporated ("Alarm.com") hereby answers the

Complaint for Patent Infringement ("Complaint") filed by Plaintiff iControl Networks, Inc.

("iControl").  Alarm.com hereby responds to the numbered paragraphs of the Complaint and in

doing so denies the allegations of the Complaint except as specifically stated:

<u>**THE PARTIES**</u>

1.      Alarm.com lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1.

2.      Alarm.com admits that it is a Delaware corporation with its principal place of

business at 8150 Leesburg Pike, Suite 1400, Vienna, Virginia 22182, which is located within the

Alexandria Division of the Eastern District of Virginia.

3.      Paragraph 3 of the Complaint contains no allegations as to Alarm.com and

therefore does not require a response by Alarm.com.  To the extent a response is required,

Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

## JURISDICTION AND VENUE

4.      Alarm.com admits that this is a civil action in which iControl alleges claims of patent infringement under Title 35 of the United States Code, but denies it has infringed the iControl patents asserted in the Complaint.  Alarm.com admits that this Court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. § 1338(a).

5.      For purposes of this action only, Alarm.com admits that venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1400(b).  Alarm.com admits that it resides in this judicial district, but denies that it commits or has committed any acts of patent infringement. Alarm.com admits that it transacts business in this judicial district and has a regular, established place of business in this judicial district.  With respect to the allegations of paragraph 5 as to Defendant FrontPoint Security Solutions, LLC ("FrontPoint"), Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Alarm.com denies the remaining allegations of paragraph 5.

6.      Alarm.com admits that it is subject to personal jurisdiction in this judicial district. Alarm.com admits that its principal place of business is located in the Commonwealth of Virginia and within this judicial district.  Alarm.com admits that it conducts business in this Commonwealth and this judicial district, and that it derives revenue from goods sold and services provided to Virginia residents, but denies that it engages or has engaged in infringing activities.  With respect to the allegations of paragraph 6 as to FrontPoint, Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Alarm.com denies the remaining allegations of paragraph 6.

## iCONTROL

7.      Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7

8.      Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.      Alarm.com admits that in the Complaint, iControl alleges infringement by Alarm.com and FrontPoint of the six patents listed in paragraph 10 (collectively the "iControl Patents-in-Suit"), but Alarm.com denies it has infringed those patents.  Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10.

## ALARM.COM AND FRONTPOINT

11.      Alarm.com admits that it provides some of its products and services to FrontPoint, and that those products and services have features relating to cellular connectivity, alarm reporting, Internet-based functionality, video and Z-Wave.  With respect to the allegations of paragraph 11 as to FrontPoint, Alarm.com lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Alarm.com denies the remaining allegations of paragraph 11.

12.      Paragraph 12 of the Complaint contains no allegations as to Alarm.com and therefore does not require a response by Alarm.com.  To the extent a response is required, Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Paragraph 13 of the Complaint contains no allegations as to Alarm.com and therefore does not require a response by Alarm.com.  To the extent a response is required, Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Paragraph 14 of the Complaint contains no allegations as to Alarm.com and therefore does not require a response by Alarm.com.  To the extent a response is required, Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Paragraph 15 of the Complaint contains no allegations as to Alarm.com and therefore does not require a response by Alarm.com.  To the extent a response is required, Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.     Paragraph 16 of the Complaint contains no allegations as to Alarm.com and therefore does not require a response by Alarm.com.  To the extent a response is required, Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Alarm.com admits that, as of August 30, 2013, the website accessible at the URL http://www.frontpointsecurity.com/about-us/partners contains the text quoted in paragraph 17.

18.     Alarm.com admits that its business has included pager-based and cellular-based home-security-related services that allow for remote communication with alarm systems. Alarm.com further admits that its business has included wireless and web-enabled security-related technology for residential and commercial customers.  Alarm.com denies the remaining allegations in paragraph 18.

19.     Alarm.com admits that on April 1, 2009, it issued a press release in which it "announced an affordable, user-friendly video monitoring solution that enables consumers to remotely monitor their homes and small businesses via mobile device".  Alarm.com further admits the press release stated that this solution enabled consumers to "remotely adjust pan-tilt cameras".  Alarm.com denies the remaining allegations in paragraph 19.

20.     Alarm.com admits that on June 15, 2010, issued a press release in which it "announced the launch of emPower, its new automation and energy management solution for homes and businesses".  Alarm.com admits that emPower was the first solution or product it launched that utilized Z-Wave technology.  Alarm.com further admits that the press release stated that consumers could "remotely monitor and change their thermostat settings" and "lock and unlock doors, even when far away".  Alarm.com denies the remaining allegations in paragraph 20.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,262,690)

21.     Alarm.com incorporates by reference its response to paragraphs 1 through 20 above.

22.     Alarm.com admits that the public record reflects that U.S. Patent No. 7,262,690 (the "'690 Patent") is entitled "Method and System for Monitoring Events" and has an issue date of August 28, 2007.  Alarm.com admits that a document purported to be a copy of the '690 Patent was attached as Exhibit A.  Alarm.com denies the remaining allegations of paragraph 22.

23.     Alarm.com denies each and every allegation of paragraph 23.

24.     Alarm.com denies each and every allegation of paragraph 24.

25.     Alarm.com denies each and every allegation of paragraph 25.

26.     Alarm.com denies each and every allegation of paragraph 26.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,911,341)

27.     Alarm.com incorporates by reference its response to paragraphs 1 through 20 above.

28.     Alarm.com admits that the public record reflects that U.S. Patent No. 7,911,341 ("the '341 Patent") is assigned to iControl, is entitled "Method for Defining and Implementing Alarm/Notification by Exception", and has an issue date of March 22, 2011.  Alarm.com admits that a document purported to be a copy of the '341 Patent was attached as Exhibit B.  Alarm.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning iControl's relationship to the '341 Patent.  Alarm.com denies the remaining allegations of paragraph 28.

29.     Alarm.com denies each and every allegation of paragraph 29.

30.     Alarm.com denies each and every allegation of paragraph 30.

31.     Alarm.com denies each and every allegation of paragraph 31.

32.     Alarm.com denies each and every allegation of paragraph 32.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 8,073,931)

33.     Alarm.com incorporates by reference its response to paragraphs 1 through 20 above.

34.     Alarm.com admits that the public record reflects that U.S. Patent No. 8,073,931 (the "'931 Patent") is assigned to iControl, is entitled "Networked Touchscreen with Integrated Interfaces", and has an issue date of December 6, 2011.  Alarm.com admits that a document purported to be a copy of the '931 Patent was attached as Exhibit C.  Alarm.com denies the remaining allegations of paragraph 34.

35.     Alarm.com denies each and every allegation of paragraph 35.

36.     Alarm.com denies each and every allegation of paragraph 36.

37.     Alarm.com denies each and every allegation of paragraph 37.

38.     Alarm.com denies each and every allegation of paragraph 38.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,335,842)

39.     Alarm.com incorporates by reference its response to paragraphs 1 through 20 above.

40.     Alarm.com admits that the public record reflects that U.S. Patent No. 8,335,842 (the "'842 Patent") is assigned to iControl, is entitled "Premises Management Networking", and has an issue date of December 18, 2012.  Alarm.com admits that a document purported to be a copy of the '842 Patent was attached as Exhibit D.  Alarm.com denies the remaining allegations of paragraph 40.

41.     Alarm.com denies each and every allegation of paragraph 41.

42.     Alarm.com denies each and every allegation of paragraph 42.

43.     Alarm.com denies each and every allegation of paragraph 43.

44.     Alarm.com denies each and every allegation of paragraph 44.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 8,073,931)

45.     Alarm.com incorporates by reference its response to paragraphs 1 through 20 above.

46.     Alarm.com admits that the public record reflects that U.S. Patent No. 8,073,931 (the "'619 Patent") is assigned to iControl, is entitled "Security Network Integrated with Premise Security System", and has an issue date of June 25, 2013.  Alarm.com admits that a document

purported to be a copy of the '619 Patent was attached as Exhibit E.  Alarm.com denies the

remaining allegations of paragraph 46.

47.     Alarm.com denies each and every allegation of paragraph 47.

48.     Alarm.com denies each and every allegation of paragraph 48.

49.     Alarm.com denies each and every allegation of paragraph 49.

50.     Alarm.com denies each and every allegation of paragraph 50.

**COUNT VI**

**(INFRINGEMENT OF U.S. PATENT NO. 8,478,844)**

51.     Alarm.com incorporates by reference its response to paragraphs 1 through 20

above.

52.     Alarm.com admits that the public record reflects that U.S. Patent No. 8,478,844

(the "'844 Patent") is assigned to iControl, is entitled "Forming a Security Network Including

Integrated Security System Components and Network Devices", and has an issue date of July 2,

2013.  Alarm.com admits that a document purported to be a copy of the '844 Patent was attached

as Exhibit F.  Alarm.com denies the remaining allegations of paragraph 52.

53.     Alarm.com denies each and every allegation of paragraph 53.

54.     Alarm.com denies each and every allegation of paragraph 54.

55.     Alarm.com denies each and every allegation of paragraph 55.

56.     Alarm.com denies each and every allegation of paragraph 56.

**PRAYER FOR RELIEF**

Alarm.com denies that iControl is entitled to either the requested relief or any

other relief.

## AFFIRMATIVE DEFENSES

Alarm.com hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof.  Alarm.com reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### FIRST DEFENSE – NON-INFRINGEMENT

57.    Alarm.com does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the iControl Patents-in-Suit under any theory, including literal infringement or infringement under the doctrine of equivalents.

### SECOND DEFENSE – INVALIDITY

58.    The claims of each of the iControl Patents-in-Suit are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD DEFENSE – LACHES, WAIVER AND EQUITABLE ESTOPPEL

59.    iControl's claims for relief for infringement of the iControl Patents-in-Suit are barred in whole or in part under the doctrines of laches, waiver and/or equitable estoppel.

### FOURTH DEFENSE – LICENSE

60.    To the extent the alleged infringement of the iControl Patents-in-Suit is based in whole or in part on the conduct of anyone licensed or otherwise authorized to practice any of the iContol Patents-in-Suit, iControl's claims for relief are barred.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

61.    The relief sought by iControl is barred in whole or in part by 35 U.S.C. §§ 286 and 287.

## SIXTH DEFENSE – NO INJUNCTIVE RELIEF

62.     iControl is not entitled to injunctive relief because any alleged injury to iControl

is not immediate or irreparable, and iControl has an adequate remedy at law.


## COUNTERCLAIMS

Counterclaim-Plaintiff Alarm.com hereby alleges with knowledge as to its own

actions and on information and belief with respect to the actions of others the following

counterclaims against Counterclaim-Defendant iControl.  Alarm.com reserves the right to assert

additional counterclaims as warranted by facts learned through investigation and discovery.

## THE PARTIES

63.     Alarm.com is a Delaware corporation with its principal place of business at 8150

Leesburg Pike, Suite 1400, Vienna, Virginia 22182.  iControl has alleged in its Complaint that it

is a Delaware corporation with its principal place of business at 555 Twin Dolphin Drive, Suite

280, Redwood City, California 94065.  iControl purports to be the assignee and lawful owner of

all right, title and interest in to the iControl Patents-in-Suit.

## JURISDICTION AND VENUE

64.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28

U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq.*

65.     iControl has submitted to the personal jurisdiction of this Court.

66.     Venue is proper because iControl brought this action and thereby consented to

venue.

## INFRINGEMENT OF ALARM.COM'S INNOVATIVE PATENTED TECHNOLOGY

67.     Alarm.com is a pioneer and innovator in the home security industry, launching

and introducing the industry's first wireless interactive security solution in 2003-2004.

Alarm.com was founded in 2000, with the goal of developing industry-changing interactive security solutions.   The company's co-founders worked for more than three years to define the solution category and develop the Alarm.com offering before bringing it to market in 2003.  Its first-to-market innovations include the use of dedicated wireless signaling that is fully integrated into the security control panel and eliminates the line-cutting vulnerability of landline-based security systems, cellular-based fully integrated two-way voice emergency response capability, alerting via text messages and email of non-alarm activity, the ability to raise an alarm condition even when an intruder destroys the physical alarm panel that generates the alarm signal, and home security apps for major smartphone platforms that allow remote control of security systems from anywhere.

68.     In 2009, Alarm.com released native mobile apps for iPhone and Blackberry devices to enable users to monitor and control their home security systems remotely.  These apps built upon Alarm.com's existing suite of services for Internet-based notifications and control of home security systems.  Alarm.com later released native mobile apps for Android and Windows Phone devices.

69.     Alarm.com has sought and received patent protection for many of its innovations, including the patents identified in paragraphs 72 through 74.

70.     On March 11, 2011, iControl announced the nationwide availability of a new monitoring solution, OpenHome, comprising software components and one or more applications for use on, *e.g.*, smartphones.  According to iControl's published statements and materials, OpenHome offers the ability to remotely "view live video and event-driven video clips and pictures", remotely arm and disarm the security system, remotely control lighting and temperature, and receive event notifications via the web and mobile phones including, *e.g.*, via

an iPhone app. OpenHome also includes functionality to detect the destruction of certain alarm system components and contact authorities in response.

71.    iControl's OpenHome software platform is incorporated into at least some of the home security systems sold to consumers by several home security companies.

## ALARM.COM'S PATENTS

72.    On September 26, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 7,113,090 (the "'090 Patent") entitled "System and Method for Connecting Security Systems to a Wireless Device". A copy of the '090 Patent is attached to this answer as Exhibit A. The '090 Patent is owned by Alarm.com and has been since its date of issue.

73.    On January 8, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,350,694 (the "'694 Patent") entitled "Monitoring System to Monitor a Property with a Mobile Device with a Monitoring Application". A copy of the '694 Patent is attached to this answer as Exhibit B. The '694 Patent is owned by Alarm.com and has been since its date of issue.

74.    On July 23, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,493,202 (the "'202 Patent") entitled "Alarm Signaling Technology". A copy of the '202 Patent is attached to this answer as Exhibit C. The '202 Patent is owned by Alarm.com and has been since its date of issue.

## COUNTERCLAIM ONE

## INFRINGEMENT OF U.S. PATENT NO. 7,113,090

75.    Alarm.com repeats and realleges paragraphs 63-74 above as if fully set forth herein.

76.    iControl has infringed the '090 Patent by making, using, selling and/or offering to sell within the United States products and services for remotely monitoring a property, without

authorization from Alarm.com. These infringing products and services include at least OpenHome.

77. This Answer gives iControl notice of the '090 Patent and that its products and services infringe the '090 Patent, to the extent iControl was not previously on notice. To the extent that, after being on notice of the '090 Patent and iControl's infringement of that patent, iControl has continued to induce its customers and end users to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention, or to perform alone or in combination with others, patented processes, iControl has induced infringement of the '090 Patent.

78. iControl has sold, offered to sell, and/or imported into the United States components that constitute a material part of the inventions claimed in the '090 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. To the extent that, after being on notice of the '090 Patent and iControl's infringement of that patent, iControl has or will have sold, offered to sell, and/or imported into the United States such components, iControl has or will have contributed to the infringement of the '090 Patent.

79. To the extent that, after being on notice of the '090 Patent and iControl's infringement of that patent, iControl has or will have directly or indirectly infringed the '090 Patent, that infringement has or will have been willful.

80. As a result of iControl's infringement of the '090 Patent, Alarm.com has and will continue to suffer irreparable harm, injury and damages for which it is entitled to both monetary and injunctive relief.

**COUNTERCLAIM TWO**

**INFRINGEMENT OF U.S. PATENT NO. 8,350,694**

81.     Alarm.com repeats and realleges paragraphs 63-74 above as if fully set forth

herein.

82.     iControl has infringed the '694 Patent by making, using, selling and/or offering to

sell within the United States products and services for remotely monitoring a property using a

mobile device, without authorization from Alarm.com.  These infringing products and services

include at least OpenHome.

83.     This Answer gives iControl notice of the '694 Patent and that its products and

services infringe the '694 Patent, to the extent iControl was not previously on notice.  To the

extent that, after being on notice of the '694 Patent and iControl's infringement of that patent,

iControl has continued to induce its customers and end users to make, use, sell, and offer to sell

within the United States and/or to import into the United States one or more products or systems

that embody the patented invention, or to perform alone or in combination with others, patented

processes, iControl has induced infringement of the '694 Patent.

84.     iControl has sold, offered to sell, and/or imported into the United States

components that constitute a material part of the inventions claimed in the '694 Patent and are

not staple articles or commodities of commerce suitable for substantial non-infringing use.  To

the extent that, after being on notice of the '694 Patent and iControl's infringement of that patent,

iControl has or will have sold, offered to sell, and/or imported into the United States such

components, iControl has or will have contributed to the infringement of the '694 Patent.

85.     To the extent that, after being on notice of the '694 Patent and iControl's

infringement of that patent, iControl has or will have directly or indirectly infringed the '694

Patent, that infringement has or will have been willful.

86.     As a result of iControl's infringement of the '694 Patent, Alarm.com has and will continue to suffer irreparable harm, injury and damages for which it is entitled to both monetary and injunctive relief.

## COUNTERCLAIM THREE

## INFRINGEMENT OF U.S. PATENT NO. 8,493,202

87.     Alarm.com repeats and realleges paragraphs 63-74 above as if fully set forth herein.

88.     iControl has infringed the '202 Patent by making, using, selling and/or offering to sell within the United States products and services for alarm signaling during alarm system destruction, without authorization from Alarm.com.  These infringing products and services include at least OpenHome.

89.     This Answer gives iControl notice of the '202 Patent and that its products and services infringe the '202 Patent, to the extent iControl was not previously on notice.  To the extent that, after being on notice of the '202 Patent and iControl's infringement of that patent, iControl has continued to induce its customers and end users to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention, or to perform alone or in combination with others, patented processes, iControl has induced infringement of the '202 Patent.

90.     iControl has sold, offered to sell, and/or imported into the United States components that constitute a material part of the inventions claimed in the '202 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.  To the extent that, after being on notice of the '202 Patent and iControl's infringement of that patent, iControl has or will have sold, offered to sell, and/or imported into the United States such components, iControl has or will have contributed to the infringement of the '202 Patent.

91.     To the extent that, after being on notice of the '202 Patent and iControl's infringement of that patent, iControl has or will have directly or indirectly infringed the '202 Patent, that infringement has or will have been willful.

92.     As a result of iControl's infringement of the '202 Patent, Alarm.com has and will continue to suffer irreparable harm, injury and damages for which it is entitled to both monetary and injunctive relief.

**COUNTERCLAIM FOUR**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

93.     Alarm.com repeats and realleges paragraphs 63-74 above as if fully set forth herein.

94.     iControl has sued Alarm.com in the present action, alleging infringement of the iControl Patents-in-Suit.  Thus, an immediate, real and justiciable controversy exists between Alarm.com and iControl with respect to the alleged infringement of the iControl Patents-in-Suit.

95.     Alarm.com does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the iControl Patents-in-Suit.

96.     Alarm.com requests a declaratory judgment that Alarm.com does not infringe, directly or indirectly, any claim of the iControl Patents-in-Suit.

**COUNTERCLAIM FIVE**

**DECLARATORY JUDGMENT OF INVALIDITY**

97.     Alarm.com repeats and realleges paragraphs 63-74 above as if fully set forth herein.

98.     iControl has sued Alarm.com in the present action, alleging infringement of the iControl Patents-in-Suit.  An immediate, real and justiciable controversy exists between Alarm.com and iControl with respect to the invalidity of the iControl Patents-in-Suit.

99.    The iControl Patents-in-Suit are invalid for failure to comply with one or more

provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102,

103 and 112.

100.    Alarm.com requests a declaratory judgment that the iControl Patents-in-Suit are

invalid.

## PRAYER FOR RELIEF

WHEREFORE, Alarm.com prays for judgment:

1.    Declaring the iControl Patents-in-Suit not infringed by Alarm.com and/or invalid.

2.    A judgment declaring that iControl has infringed one or more claims of the '090,

'694, and '202 Patents and finding such infringement willful.

3.    Awarding Alarm.com damages for iControl's infringement of the '090, '694, and

'202 Patents, including treble damages for all willful infringement.

4.    Permanently enjoining iControl, its officers, agents, servants, employees,

attorneys, successors, assigns , and anyone acting in concert therewith or on its behalf, from

infringing the '090, '694, and '202 Patents.

5.    Awarding Alarm.com interest, the cost of this action and its reasonable attorneys'

fees.

6.    Granting such other and further relief to Alarm.com as this Court may deem just

and equitable.

## JURY DEMAND

Alarm.com demands a trial by jury on all issues triable of right by a jury.

ALARM.COM INCORPORATED


By_____/s/_____
                    Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Roger G. Brooks (admitted pro hac vice)
Teena-Ann V. Sankoorikal (admitted pro hac vice)
Andrei Harasymiak (admitted pro hac vice)
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 8th Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
rgbrooks@cravath.com
tsankoorikal@cravath.com
aharasymiak@cravath.com

*Counsel for Defendant Alarm.com Incorporated.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2013, a true copy of the foregoing will be

filed electronically with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to the following:

Stephen E. Noona
senoona@kaufcan.com
Mark E. Warmbier
mewarmbier@kaufcan.com
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510

James C. Yoon
Ryan R. Smith
Alyssa N. Knutson
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
jyoon@wsgr.com
rsmith@wsgr.com
aknutson@wsgr.com

*Counsel for Plaintiff*

Michael A. Oakes, VSB #42745
Alysa N. Youngson, VSB #82838
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moakes@hunton.com
ayoungson@hunton.com

*Counsel for Defendant FrontPoint Security
Solutions, LLC*

_____/s/_____
Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
*Counsel for Defendant Alarm.com Incorporated*