**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ICONTROL NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALARM.COM INCORPORATED, and<br>FRONTPOINT SECURITY SOLUTIONS, LLC,<br><br>Defendants. | Case No. 1:13-CV-00834-LMB-IDD<br><br>Jury Trial Demanded |

**DEFENDANT FRONTPOINT SECURITY SOLUTIONS, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS


**PAGE**

**INTRODUCTION** .......... **1**

**STATEMENT OF FACTS** .......... **1**

**APPLICABLE LAW** .......... **4**

**ARGUMENTS** .......... **6**

A. The Complaint Fails to State a Claim for Direct Infringement Because it Fails to Identify Any Allegedly Infringing FrontPoint Product or System .......... 6

B. The Complaint Fails to State a Claim for Indirect or Contributory Infringement .......... 8

1. Inducement of Infringement .......... 9

2. Contributory Infringement .......... 11

C. The Complaint Fails to State a Claim for Willful Infringement .......... 12

**CONCLUSION** .......... **13**

**TABLE OF AUTHORITIES**

**Cases** **Page**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ passim

*Adiscov, LLC v. Automony Corp., PLC et al.,*
726 F. Supp. 2d 826 (E.D. Va. 2011) ........ 5, 7

*Aguirre v. Powerchute Sports, LLC*,
No. 10-cv-00702, 2011 WL 2471299 (W.D. Tex. 2011) ........ 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ passim

*BIAX Corp. v. Motorola Solutions, Inc*.,
No. 10-cv-03013, 2012 WL 502727 (D. Colo. Feb. 15, 2012) ........ 10

*BMC Res., Inc. v. Paymentech, L.P*.,
498 F.3d 1373 (Fed. Cir. 2007) ........ 8

*Clear With Computers, LLC v. Bergdorf Goodman, Inc*.,
2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ........ 10

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp*.,
609 F. Supp. 2d 1090 (E.D. Cal. 2009) ........ 12

*Eidos Commc'ns LLC v. Skype Techs. SA*,
686 F. Supp. 2d 465 (D. Del. 2010) ........ 7

*Francis v. Giacomelli*,
588 F.3d 186 (4th Cir. 2009) ........ 8

*In re Seagate Technology, LLC*,
497 F.3d 1360 (Fed. Cir. 2007) ........ 12

*Informatics Applications Grp., Inc. v. Shkolnikov*,
836 F. Supp. 2d 400 (E.D. Va. 2011) ........ 4, 5

*Joy Techs., Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993) ........ 8

*Landmark Tech. LLC v. Aeropostale,*
No. 09-cv-00262, slip op. (E.D. Tex. filed Mar. 29, 2010) ........ 11

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)....................9

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*,
Nos. 92-1462, 92-1480, 1993 WL 217173 (Fed. Cir. Jun. 22, 1993)....................12

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)....................5

*Nielsen Co. v. Comscore, Inc.*,
819 F. Supp. 2d 589 (E.D. Va. 2011)....................5

*Randall v. United States*,
30 F.3d 518 (4th Cir. 1994)....................4

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538 (E.D. Tex. 2010)....................7

*Ricoh Co. Ltd. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2864 (2009)....................11

*Sharafabadi v. University of Idaho*,
No. 09-cv-01042, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009)....................10

*Taltwell LLC v. Zonet USA Corp.*,
No. 07-cv-00543, 2007 U.S. Dist. LEXIS 93465 (E.D. Va. Dec. 20, 2007)....................5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009)....................9

*W.L. Gore & Associates, Inc. et al. v. Medtronic, Inc. et al.*,
850 F. Supp. 2d 630 (E.D. Va. 2012)....................5

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d. 349 (D. Del. 2010)....................10

**Rules**

Fed. R. Civ. P. 8(a)(2).................... passim

Fed. R. Civ. P. 12(b)(6).................... passim

## INTRODUCTION

Defendant FrontPoint Security Solutions, LLC ("FrontPoint") respectfully moves this Court to dismiss Plaintiff iControl Networks, Inc.'s ("iControl") Complaint (the "Complaint") for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*").

iControl has failed to sufficiently plead any set of facts stating a claim of patent infringement against FrontPoint. Although iControl's Complaint generally alleges infringement of six patents pertaining to a wide variety of subject matter by two, unrelated corporate entities, the Complaint fails to identify with any particularity: (a) what specific product or service offered by FrontPoint allegedly infringes any of the six asserted patents, or (b) how FrontPoint individually has allegedly infringed the six asserted patents. As such, iControl's Complaint fails to satisfy the threshold notice pleading standard required by the Supreme Court in *Twombly* and *Iqbal* and the Federal Rules of Civil Procedure, and should be dismissed for failure to state a claim.

## STATEMENT OF FACTS

Alarm.com is a technology company that designs, develops and services a variety of home security and automation products. Alarm.com's products are provided to the public through a large network of licensed and authorized dealers. FrontPoint is just one of those many dealers. FrontPoint does not manufacture home security and automation products, but instead sells products manufactured by third-parties, including Alarm.com.

On July 10, 2013, iControl filed a Complaint against Alarm.com and FrontPoint alleging infringement of the following six patents:

- U.S. Patent No. 7,262,690, entitled "*Method and System for Monitoring Events*" ("the '690 patent");
- U.S. Patent No. 7,911,341, entitled "*Method for Defining and Implementing Alarm/Notification by Exception*" ("the '341 patent");
- U.S. Patent No. 8,073,931, entitled "*Networked Touchscreen with Integrated Interfaces*" ("the '931 patent");
- U.S. Patent No. 8,335,842, entitled "*Premises Management Networking*" ("the '842 patent");
- U.S. Patent No. 8,473,619, entitled "*Security Network Integrated with Premise Security System*" ("the '619 patent"); and
- U.S. Patent No. 8,478,844, entitled "*Forming a Security Network Including Integrated Security System Components and Network Devices*" ("the '844 patent")

(collectively, the "Patents-in-Suit"). Dkt. No. 1. The Patents-in-Suit broadly relate to different—and distinct—aspects of alarms and security systems, ranging from security networks to touchscreen devices to monitoring systems and methods.

In its Complaint, iControl did not include any specific allegations against FrontPoint, but rather grouped FrontPoint together with Alarm.com, generally referring to the accused products as Defendants' "products and services for monitoring and controlling security systems." Despite the varied subject matter of the six patents, iControl's Complaint contains a single, nearly-identical paragraph for its infringement allegation for each of the Patents-in-Suit. For each claim, iControl repeats—nearly verbatim—the following allegation of direct infringement against Alarm.com and FrontPoint, collectively:

> Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the [ ] Patent, by making, using, selling, offering to sell and/or importing into the United States products and services for monitoring and controlling security systems. These infringing products and services include at least the technology identified on Defendants'

> websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services). *See* http://www.alarm.com and http://www.frontpointsecurity.com.

Compl. ¶ 23; *see also id*. at ¶¶ 29, 35, 41, 47, and 53.

iControl's claims relating to inducement and contributory infringement similarly lump Alarm.com and Frontpoint together, and fail to make any allegations specific to FrontPoint, stating:

> Defendants have been and continue to actively induce and encourage infringement of one or more claims of the [ ] Patent. As of at least the date of the filing of this Complaint, Defendants have knowledge of the [ ] Patent and that their products and services for monitoring and controlling home security systems infringe the [ ] Patent. On information and belief, Defendants have induced and encouraged the direct infringement of the patent by its customers and end users by directing them and encouraging them to make, use, sell, and offer to sell within the United States and/or to import into the United States one or more products or systems that embody the patented invention. Defendants are, therefore, liable for indirect infringement pursuant to 35 U.S.C. § 271(b).
>
> Defendants have and continue to sell, offer to sell, and/or import into the United States components which constitute a material part of the [ ] Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants are, therefore, liable for indirect infringement of the [ ] Patent pursuant to 35 U.S.C. § 271(c).

Compl. ¶¶ 24-25; *see also id.* at ¶¶ 29-31, 35-37, 41-43, 47-49, and 53-55.

These vague and conclusory allegations fail to identify with particularity <u>any</u> allegedly infringing products or services provided by FrontPoint, and fail to set forth any facts supporting iControl's allegations of contributory infringement or inducement against FrontPoint individually.

Because, iControl's Complaint consists only of boilerplate allegations reciting generalized conclusions of infringement against two distinct entities in the collective, the Complaint fails to allege that FrontPoint has independently engaged in any infringing activity.

**APPLICABLE LAW**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly* and *Iqbal*, the Supreme Court made clear that there are two basic requirements for a pleading to comply with Rule 8: (1) sufficient factual allegations and (2) the plausibility of those allegations. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 410 (E.D. Va. 2011) (quoting *Twombly*, 550 U.S. at 555–56 (citation omitted)). What, at base, is insufficient is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly,* 550 U.S. at 570); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). Dismissal pursuant to Rule 12(b)(6) is appropriate when, upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. *See Nielsen Co. v. Comscore, Inc*., 819 F. Supp. 2d 589, 592 (E.D. Va. 2011).

Application of Rule 12(b)(6) in patent cases is a procedural question and is therefore governed by the law of the regional circuits. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). In the Fourth Circuit, to survive a motion to dismiss pursuant to Rule

12(b)(6), "plaintiffs' factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging their claims across the line from conceivable to plausible." *W.L. Gore & Associates, Inc. et al. v. Medtronic, Inc. et al*., 850 F. Supp. 2d 630, 632 (E.D. Va. 2012) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Informatics*, 836 F. Supp. 2d at 410. In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

Courts in the Eastern District of Virginia have relied on the guidance provided by the Federal Circuit in *McZeal* when considering the sufficiency of patent infringement claims. *See*, *e.g*., *Adiscov, LLC v. Automony Corp., PLC et al.,* 726 F. Supp. 2d 826, 830 (E.D. Va. 2011) (citing *Taltwell, LLC v. Zonet USA Corp*., No. 07-cv-00543, 2007 U.S. Dist. LEXIS 93465, at *10 (E.D. Va. Dec. 20, 2007) (unpublished)); *see also Nielsen Co. v. Comscore, Inc*., 819 F. Supp. 2d 589, 592 (E.D. Va. 2011). According to *McZeal,* a complaint is sufficiently pleaded under *Twombly* if the complaint: "(1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; (5) and identifies the specific parts of patent law that are implicated." *Adiscov, LLC*, 726 F. Supp. 2d at 829-30 (*quoting Taltwell,* 2007 U.S. Dist. LEXIS 93465, at *10). To satisfy these requirement, a complaint must identify what products or services are alleged to be infringing with respect to each defendant, and provide sufficient detail such that the defendants would be on notice as to which products or services are the subject of the suit. *See Adiscov, LLC*, 726 F. Supp. 2d at 832.

**ARGUMENTS**

iControl's Complaint fails to state a claim for infringement by FrontPoint because it is devoid of factual allegations regarding any allegedly infringing products or services of

FrontPoint and the manner by which FrontPoint allegedly infringes. The Complaint offers no more than "unadorned, the-defendant-unlawfully-harmed-me" allegations that fall far short of the *Iqbal* standard. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Specifically, iControl fails to plead even the most basic facts to support its contentions:

- The Complaint fails to identify any product or system, purportedly manufactured, imported, sold, offered for sale, or used by FrontPoint, that embodies the claims of any of the six Patents-at-Issue.
- The Complaint fails to allege with specificity that FrontPoint has knowledge of the Patents-at-Issue prior to the filing of the Complaint and the specific intent to induce others to directly infringe.
- The Complaint fails to identify any third-parties that FrontPoint has allegedly induced to infringe or with whom FrontPoint has purportedly engaged in contributory infringement.

These failures render iControl's claims implausible on their face, and necessitate their dismissal pursuant to Rule 12(b)(6).

**A. The Complaint Fails to State a Claim for Direct Infringement Because it Fails to Identify Any Allegedly Infringing FrontPoint Product or System.**

iControl's Complaint fails to specify any product, let alone a product unique to FrontPoint, that directly infringes the claims of the Patents-at-Issue. Instead, iControl vaguely accuses "products and services [that] include at least the technology identified on Defendants' websites related to interactive security systems (e.g., the Interactive Security and Home Automation products and services)," generically referencing the two Defendants' entire websites. *See* Compl. ¶¶ 23, 29, 35, 41, 47, and 53. The FrontPoint website referenced, however, identifies dozens of products generally related to the security and home automation industries, and FrontPoint should not be required to guess as to which of these products, if any, iControl claims infringes one or more of the Patents-in-Suit. For this reason, federal courts routinely dismiss complaints that only generically reference broad categories of products and services, without

reference to any specific products. *See*, *e.g.*, *Adiscov*, 26 F. Supp. 2d at 830 (dismissing complaint for patent infringement for "not describ[ing] either a category or specific products and services with the specificity required by Rule 8"); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (dismissing patent infringement claim because plaintiff's reference to "data compression products and services" did not sufficiently identify defendant's accused products); *Eidos Commc'ns. LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 466-68 (D. Del. 2010) (dismissing complaint that only referenced "communication system products and/or methodologies" and failed to reference any "specific products").

iControl's direct infringement allegations are similar to those asserted in *Adiscov*, which this Court found to be deficient. In *Adiscov*, the complaint identified two defendants and generally alleged that each of the defendants "manufactures, uses, and sells products and services that infringe," describing the allegedly infringing products and services as including "[the defendant's] legal discovery software and services, as well as any other legal discovery software or services acting or capable of acting in the manner described and claimed . . . ." 726 F. Supp. 2d at 832. This Court held that "the complaint [did] not . . . provide sufficient detail about the defendants and their products such that the defendants would be on notice as to which products or services are the subject of the suit." *Id*. at 830. In dismissing the complaint, this Court found that Adiscov's "conclusory allegations in its complaint neither [gave defendants] Autonomy or FTI notice of the substance of the suit against them, nor raise the 'right to relief above the speculative level.'" *Id*.

Like the *Adiscov* complaint, iControl's Complaint contains only generalized allegations that do not specifically identify any particular product such that FrontPoint is on notice as to which products or services are the subject of the suit. Such allegations "do not permit the court

to infer more than the mere possibility" that a product or service manufactured, used, or sold by FrontPoint infringes the six Patents-at-Issue. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); Compl. ¶¶ 23, 29, 35, 41, 47, and 53. Allowing a patent case to proceed based on a complaint that contains vague and conclusory allegations of infringement risks exactly the "unlocking the doors to discovery" for a plaintiff who has failed to meet the standard required by *Twombly* and *Iqbal* that the Fourth Circuit has cautioned against. *See Francis*, 588 F.3d at 193. Accordingly, dismissal is appropriate.

**B. The Complaint Fails to State a Claim for Indirect or Contributory Infringement.**

iControl also alleges, in conclusory fashion, that FrontPoint has indirectly infringed the Patents-in-Suit through inducement (Compl. ¶¶ 24, 30, 36, 42, and 48) and contributory infringement (Compl. ¶¶ 25, 31, 37, 43, and 49). iControl's allegations of indirect infringement again treat FrontPoint and Alarm.com as a single entity, fail to identify any accused products with particularity, and fail to place FrontPoint on notice of its allegedly infringing conduct. Because iControl has failed to state claims for direct infringement, its claims for indirect infringement must also fail. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("either form of 'dependent infringement' cannot occur without an act of direct infringement"); *see also BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.").

**1. Inducement of Infringement**

In the alternative, even if iControl's allegations somehow satisfy the pleading requirements for direct infringement, its allegations of induced infringement are still deficient. Inducement of infringement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a ***specific intent*** to encourage another's

infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis added). "[T]o succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial noninfringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotations omitted).

iControl's allegations of indirect infringement fail to satisfy these requirements. Specifically, iControl fails to allege adequately that FrontPoint knew of the Patents-at-Issue prior to the filing of the Complaint, fails to allege adequately that FrontPoint knowingly induced a third party to directly infringe the Patents-at-Issue, and fails to allege adequately that FrontPoint had the specific intent to encourage infringement by a third party.

With respect to the "knowledge and intent" requirement, although iControl describes a series of meetings that purportedly occurred during May and July 2007 between iControl and FrontPoint, none of the six asserted patents had even issued during that time period (*i.e.*, the '690 patent issued August 28, 2007, the '341 patent issued March 22, 2011, the '931 patent issued December 6, 2011, the '842 patent issued December 18, 2012, the '619 patent issued June 25, 2013, and the '844 patent issued July 2, 2013). Thus, FrontPoint could not have been aware of any of the Patents-at-Issue as a result of those meetings.

iControl attempts to use its filing of this Complaint to satisfy the element of knowledge, stating "[a]s of at least the date of the filing of this Complaint, Defendants have knowledge of the [ ] Patent and that their products and services for monitoring and controlling home security systems infringe the [ ] Patent." Compl. ¶¶ 24, 30, 36, 42, and 48. However, "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect

infringement." *Xpoint Techs., Inc. v. Microsoft Corp*., 730 F. Supp. 2d. 349, 357 (D. Del. 2010); *see also BIAX Corp. v. Motorola Solutions, Inc*., No. 10-cv-03013, 2012 WL 502727, at *3 n.3 (D. Colo. Feb. 15, 2012) (holding filing suit is not enough to support knowledge for inducement infringement); *Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 2471299, at *3 (W.D. Tex. 2011) ("To the extent [the plaintiff] relies on knowledge of [the plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").

Even if iControl could show that FrontPoint had knowledge of the Patents-at-Issue, iControl has not properly alleged specific intent to induce infringement. Where a cause of action requires intent to be pled, the Supreme Court has made it clear that the complaint must include "factual allegation sufficient to plausibly suggest [the other party's] state of mind." *Iqbal*, 129 S. Ct. at 1952. iControl's Complaint wholly fails in this regard.

Moreover, iControl does not identify which of the ***271 claims*** found in the six Patents-at-Issue are indirectly infringed, which products or services indirectly infringe, or who committed any act of direct infringement. *See Clear With Computers, LLC v. Bergdorf Goodman, Inc*., 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (dismissing indirect infringement claims where they "fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims."). Further, iControl's Complaint fails to allege how the indirect infringement allegedly occurs, instead repeating boilerplate statutory language. Compl. ¶¶ 24, 30, 36, 42, and 48; *see Sharafabadi*, 2009 WL 4432367, at *5 (dismissing indirect infringement claims where complaint "does not allege, for instance, any facts concerning either how [defendant] induced or contributed to another party's direct infringement of the [] Patent or

[defendant's] knowledge"). Under *Twombly*, formulaic recitations do not suffice, and the Court should therefore dismiss iControl's inducement claim against FrontPoint.

**2. Contributory Infringement**

A claim for contributory infringement also requires more than merely selling a product or providing a service to another who uses that product or service to directly infringe a patent. *See* 35 U.S.C. § 271(c). Instead, contributory infringement requires the sale of "a component especially designed for use in a patented invention" that "is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co. Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2864 (2009).

iControl's claim for contributory infringement against FrontPoint suffers from the same deficiencies as its claim for inducement. The Complaint does not identify any allegedly infringing product or service, and instead offers only conclusory assertions of infringement by "components which constitute a material part of the [ ] Patent[s]." Compl. ¶¶ 25, 31, 37, 43, and 49. It would be impossible, when confronted with six patents having a combined 271 claims, for FrontPoint to ascertain which components from which products iControl contends constitute a material part of the Patents-at-Issue so as "to inform [FrontPoint] as to what it must defend." *Landmark,* No. 09-CV-00262, slip op., at *6.

iControl's contributory infringement claims against FrontPoint amount to little more than conclusory recitations of the statute. But a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Because iControl's Complaint provides nothing more than labels and conclusions in support of its claim for contributory infringement against FrontPoint, the Court should dismiss iControl's claim for contributory infringement.

**C. The Complaint Fails to State a Claim for Willful Infringement.**

iControl's Complaint does not include ***any*** direct allegation of willful infringement. Instead, iControl first references willfulness in its Prayer for Relief, requesting "[a] judgment that Defendants have jointly and severally directly infringed, induced infringement, contributorily infringed, and ***willfully infringed*** one or more claims of each of the Patents-in-Suit." Compl. ¶ A (emphasis added). iControl's allegation related to willful infringement must be dismissed.

Any claim of willful infringement necessarily fails because iControl has insufficiently pleaded its claim for direct infringement. *See Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, Nos. 92-1462, 92-1480, 1993 WL 217173, at *6 (Fed. Cir. Jun. 22, 1993) ("we need not reach the issues of Manildra's alleged inducement to infringe or its alleged willful infringement, since both allegations rely on a predicate finding of actual infringement, whether literal or by equivalents"). But iControl's demand for a judgment of willful infringement is insufficient in its own right. "'Willful infringement is not established by the simple fact of infringement,' even where the accused has knowledge of the patents." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp*., 609 F. Supp. 2d 1090, 1094 (E.D. Cal. 2009) (internal quotations and citations omitted). Instead, willful infringement requires "objective recklessness." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"). iControl's Complaint fails to plead willful infringement, fails to plead objective recklessness, and fails to plead any facts that would support an inference of objective recklessness.

**CONCLUSION**

The Complaint's conclusory allegations as to FrontPoint and the unspecified manner of alleged infringement fail to provide FrontPoint with notice as to what it must answer and defend. For the reasons set forth above, the Complaint fails to meet the requirements of Rule 8 and should be dismissed.

Dated: August 30, 2013

Respectfully submitted,

/s/ Michael A. Oakes

Michael A. Oakes (VA Bar No. 47245)
Email: moakes@hunton.com
Alysa N. Youngson (VA Bar No. 82838)
Email: ayoungson@hunton.com
Hunton & Williams LLP
2200 Pennsylvania Ave. N.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2001

*Counsel for Defendant*
*FrontPoint Security Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 30, 2013** the foregoing document, **DEFENDANT FRONTPOINT SECURITY SOLUTIONS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**, will be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties participating in the NEF system, including the following, who will also be served via electronic mail:

Mark Edward Warmbier
Email: mewarmbier@kaufcan.com
Stephen Edward Noona
Email: senoona@kaufcan.com
**KAUFMAN & CANOLES, P.C.**
150 W Main Street, Suite 2100
PO Box 3037
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (757) 624-3169

James C. Yoon
Ryan R. Smith
Alyssa N. Knutson
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
jyoon@wsgr.com
rsmith@wsgr.com
aknutson@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

*Counsel for Defendant Alarm.com Incorporated*

Dated: August 30, 2013

/s/ Michael A. Oakes
Michael A. Oakes (VA Bar No. 47245)
Email: moakes@hunton.com
Hunton & Williams LLP
2200 Pennsylvania Ave. N.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2001

*Counsel for Defendant*
*FrontPoint Security Solutions, LLC*