**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

ICONTROL NETWORKS, INC.,

Plaintiff,

v.

ALARM.COM INCORPORATED AND
FRONTPOINT SECURITY SOLUTIONS, LLC,

Defendants.

Civil Action No. 1:13CV834
(LMB/IDD)

**JURY TRIAL DEMANDED**

<u>**JOINT DISCOVERY PLAN**</u>

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's initial scheduling Order dated August 21, 2013 [Dkt. # 23], Plaintiff iControl Networks, Inc. and Defendants Alarm.com Incorporated and FrontPoint Security Solutions, LLC have conferred, and hereby jointly submit their proposed Joint Proposed Discovery Plan.

**A.  Initial Disclosures**

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **September 25, 2013**.

**B.  Joinder of Other Parties and Amendment of Pleadings.**

All motions to join other parties, and to amend or supplement the pleadings, must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion but not later than **October 4, 2013**.

C.    **Discovery Deadlines.**

1.    <u>Identification of Asserted Claims</u>.   On or before **September 25, 2013**, Plaintiff[1] shall make a preliminary identification of all patent claims it intends to assert and the products that it accuses of infringement.

2.    <u>Preliminary Infringement Contentions</u>.   On or before **September 27, 2013**, Plaintiff shall produce the following:

(a)    A preliminary claim chart, which shall include the following:

i.    An identification of all accused products, methods or other instrumentalities;

ii.    An identification, on a claim-by-claim basis, whether the patentee contends the accused instrumentalities infringe literally as direct, inducement or contributory infringement or under the doctrine of equivalents;

iii.    An identification of which claim elements the patentee contends should be construed under 35 U.S.C. § 112 ¶ 6 (means-plus-function), and for each such element, an identification of all supporting structure, material, or art disclosed in the specification;

iv.    A comparison of each asserted claim to each accused instrumentality on a limitation-by-limitation basis, identifying how the patentee contends the accused instrumentality meets each limitation of each asserted claim (including structure, material or acts for elements the patentee contends should be construed under 35 U.S.C. § 112 ¶ 6);

(b)    A description of any of its commercial embodiments of the invention, including but not limited to:

i.    Whether the patentee asserts that any of its past or present products are covered by the asserted claims;

_____

[1] All references to "Plaintiff" include Counterclaim Plaintiff and all references to "Defendant" include Counterclaim Defendant.

        ii.     The dates of the first public use of any such embodiment;

        iii.    The dates of the first sale and first offer for sale of any such embodiment;

    (c)    Documents relating to or corroborating conception, reduction to practice and diligence, and, for each patent application to which the patentee claims priority for each such claim, an identification of the support for each claim element in such application;

    (d)    A complete copy of the file histories for the patent in suit, including related patents claiming priority from either the patent in suit or its parent, foreign equivalents and their file histories; and

    (e)    All agreements to license or otherwise convey rights to or under any of the patent in suit.

    3.    <u>Preliminary Invalidity Contentions</u>.   On or before **October 4, 2013**, Defendant shall produce the following:

    (a)    A preliminary claim chart, which shall include the following:

        i.     An identification, with particularity, of each item of prior art that the accused infringer contends invalidates any asserted claim of the patent in suit. Each prior art patent shall be identified by its number, country of origin and date of issue. Each prior art publication must be identified by its title, date of publication, author and publisher. Prior art under the on-sale or public use or knowledge provisions of 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or by which the information was known or used, and to the extent known, the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the

circumstances surrounding the making of the invention before the patent applicants;

ii.      An identification, on a claim-by-claim basis, whether the accused infringer contends the asserted claim is invalidated under 35 U.S.C. § 102 and/or 103;

iii.     A chart identifying where specifically in each alleged item of prior art, or combination of items of prior art, each element of each asserted claim is found (including structure, material or acts for elements to be construed under 35 U.S.C. § 112 ¶ 6). If obviousness is asserted based upon a combination of two or more prior art references, the accused infringer shall identify any reasons which it contends exist to combine items of prior art and the accused infringer shall also explain how such prior art is to be combined;

iv.     A detailed statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1);

v.      An identification of other grounds of invalidity and/or unenforceability asserted by the accused infringer; and

(b)     A copy of each asserted prior art reference that is not in the file history or that has not already been disclosed.

4.     Identification of Terms to be Construed.  On or before **October 11, 2013**, each party shall produce a list identifying those claim term(s)/phrase(s) that it contends should be construed by the Court.

5.     <u>Final Infringement Contentions</u>.  On or before **October 18, 2013**, Plaintiff shall disclose its final version of the contentions it produced in Paragraph C(2).

6.     Proposed Construction of Terms.  On **October 18, 2013**, each party shall propose construction(s) of all claim term(s)/phrase(s) that it contends in good faith should be construed by the Court, as well as citations to all intrinsic evidence that supports each of its proposed constructions.  For each claim limitation whose construction is governed by 35 U.S.C. §112(f), each party shall identify the structure, material, or acts described in the specification that

correspond to the claim limitation, as well as the intrinsic evidence linking the claim limitation with the corresponding structure, material, or acts.  Rebuttal construction(s) for any such claim term(s)/phrase(s), as well as citations to all intrinsic evidence that supports each of the proposed rebuttal construction(s), are due on or before **October 25, 2013**.  The parties shall meet and confer regarding proposed disputed constructions for identified claim term(s)/phrase(s) no later than **November 1, 2013**.

       7.    <u>Final Invalidity Contentions</u>.  On or before **October 25, 2013**, Defendant shall disclose its final version of the contentions it produced in Paragraph C(3).

       8.    <u>Non-Infringement Contentions</u>.  On or before **November 1, 2013**, Defendant shall produce, for each asserted claim, its contentions in response to Plaintiff's disclosures under Paragraph C(5).

       9.    <u>Validity Contentions</u>.  On or before **November 1, 2013**, Plaintiff shall produce its contentions in response to each of Plaintiff's contentions under Paragraph C(7).

      10.    <u>Discovery Cut Off</u>.  All discovery shall be completed on or before **January 10, 2014**.

      11.    <u>Requests for Admission</u>.  A maximum of 50 requests for admission are permitted for each party, except that there shall be no limit on requests for admission used solely to establish the authenticity of a document.

      12.    <u>Depositions</u>.

      (a)    <u>Timeframe</u>.  Non-expert depositions shall be conducted between **September 30** and **November 1, 2013**.

      (b)    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of eighty-five (85) hours to take testimony by deposition upon oral examination of fact

witnesses, including Rule 30(b)(6) witnesses, but excluding non-party depositions and expert witnesses.  Each deposition is limited to a maximum of seven (7) hours, except as otherwise authorized by the Court or agreed to by the parties.  Notwithstanding the preceding sentence, the parties shall confer in good faith regarding the limitation on hours for each deposition taken pursuant to Rule 30(b)(6).  A party may not exceed five (5) non-party, non-expert witness depositions.

(c)     <u>Location of Depositions</u>.  The parties will confer in good faith regarding the date, time and location of depositions.

13.     <u>Disclosure of Expert Testimony</u>.

(a)     <u>Expert Reports</u>.  For the party who bears the initial burden of proof on an issue or matter (*e.g.*, infringement or invalidity), the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **November 13, 2013**.  The responsive disclosure to contradict or rebut evidence on that same issue or matter is due on or before **December 5, 2013**.

(b)     <u>Expert Depositions</u>.  No later than **November 13, 2013**, the parties shall advise of the dates and times of each expert's availability for deposition.  Depositions of experts shall be completed on or before **December 20, 2013**.

**D.**     **Electronically Stored Information**

1.     <u>Proportionality</u>.     The parties will use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

2.     <u>Preservation of Discoverable Information</u>.  The parties have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data, provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

(a)     Deleted, slack, fragmented, or other data only accessible by forensics;

(b)     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

(c)     On-line access data such as temporary internet files, history, cache, cookies, and the like;

(d)     Data in metadata fields that are frequently updated automatically, such as last-opened dates;

(e)     Back-up data that are substantially duplicative of data that are more accessible elsewhere;

(f)     Voice messages;

(g)     Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

(h)     Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere;

(i)     Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

(j)     Logs of calls made from mobile devices;

(k)     Server, system or network logs;

(l)     Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; and

(m)     Data remaining from systems no longer in use that is unintelligible on the systems in use.

3.     Sources.  On or before **September 13, 2013**, each party shall disclose a list of sources from which the disclosing party agrees to search for discoverable information, including:

(a)     any non-custodial sources, along with a brief description of the source; and

(b)      up to ten (10) custodial sources, including a brief description of each custodian's title and responsibilities, as well as organizational charts, if any, sufficient to identify each custodian's direct supervisors and direct reports.

The parties reserve the right to request the production of documents from other custodial or non-custodial sources that were not otherwise identified and that the requesting party has a good faith belief includes or possesses non-cumulative relevant documents.

4.      <u>On-site Inspection</u>.   On-site inspection of electronic media shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

5.      <u>Search methodology</u>.   The producing party shall search:   (1) the non-custodial data sources identified in accordance with Paragraph C(3)(a)(i); and (2) emails and other ESI maintained by the custodians identified in accordance with Paragraph C(3)(a)(ii).   If a party elects to use search terms and/or date filters to locate potentially responsive ESI, it shall disclose the search terms and/or date filters on or before **September 13, 2013**.   Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search.   Focused terms, rather than over-broad terms (*e.g.*, product and company names), shall be employed.

6.      <u>Format</u>.   ESI and non-ESI shall be produced to the requesting party as text searchable image files (TIFF), except when such ESI contains information subject to a claim of privilege.   When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.   Except with regard to ESI documents that are redacted for privilege, the parties shall produce their information in the following format:   single page TIFF images, load files associated multi-page text files containing extracted text or OCR with

Concordance and iPro image (.lfp) load files, as well as Data Load Files ("DAT files") containing all requisite metadata.

7.    <u>Production of ESI in Native Format</u>.   In the event that production of a document in TIFF image file format would be impracticable, the party producing the document shall have the option of producing such document in Native format.   A party may request that up to fifteen (15) non-privileged documents be produced in Native Format.   Once fifteen (15) non-privileged documents have been produced by a producing party in Native Format, a receiving party must demonstrate a particularized need for the production of any additional ESI in its Native Format.   No party shall be required to produce more than fifteen (15) non-privileged documents in Native Format, absent agreement or court order.   Notwithstanding the foregoing, to the extent a party produces video, animation or audio files, such documents shall be produced in their Native Format.   If either party requests production of ESI in Native Format, the parties shall negotiate in good faith about the timing, cost and method of such production.   No document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection.

8.    <u>Metadata fields</u>.   The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, Duplicate Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

9.    <u>Scope</u>.   Nothing in this Order establishes any agreement as to either the temporal or subject matter scope of discovery in this litigation.   Nothing in this Order creates an

obligation by any party to produce ESI on back-up tapes or other long-term storage media that were created strictly for use as a data back-up medium.

10.   <u>Production of Paper Discovery</u>.  At the discretion of the party producing documents, paper documents ("Paper Discovery") may be produced in electronic form.  Paper Discovery produced in electronic form need not be rendered text searchable via OCR or any other means.  Nor is there any obligation to produce metadata fields associated with such Paper Discovery produced in electronic form.

11.   <u>Document Unitization</u>.  If a document is more than one page, to the extent possible, the unitization of the document and any attachments or affixed notes shall be maintained as it existed when collected by the party producing such documents.  If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.

12.   <u>Color</u>.  Documents containing color need not be produced in color unless the requesting party demonstrates the need for the production of certain documents in color.

13.   <u>Document Numbering for TIFF Images</u>.  Each page of a document produced in TIFF file format shall have a legible, unique numeric identifier ("Document Number") not less than six (6) digits electronically "burned" onto the image at a place on the document that does not obscure, conceal or interfere with any information originally appearing on the document.  The Document Number for each document shall be created so as to identify the producing party and the Document Number (*e.g.*, "ALRM 000000").

14.   <u>De-duplication</u>.  To the extent identical copies of documents (*i.e.*, documents with identical hash values) appear in the files of a custodian or across custodians, the party producing such documents shall produce only one such identical copy and also shall produce

an overlay file that includes a metadata field entitled "Duplicate Custodian" containing the names of each custodian whose files contain such identical copies.

15.   <u>Production Media</u>.   Document images, load files and metadata shall be produced on hard drives, CDs, DVDs or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the party producing the documents, the date of the production of documents and the Document Number ranges of the documents in that production (*e.g.*, "Alarm.com Production October 15, 2013, ALRM 000123 – ALRM 000456").   To the extent that the Production Media includes any information designated as confidential under the Local Rules or any Stipulated Protective Order filed with the Court, the label on such Production Media shall indicate that the Production Media includes information so designated.   Production Media shall include text referencing the case name and number.   Further, any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement and cross-reference the Document Number range that it replaces.

16.   <u>Processing Specifications</u>.   The producing party shall use the following specifications when converting ESI from its Native Format into TIFF image files prior to its production:

(a)   All tracked changes shall be maintained, to the extent reasonably feasible upon collection, so that all changes to a document are evident.

(b)   OLE Embedded files shall be extracted as separate documents.

(c)   Author comments shall remain or be made visible, to the extent reasonably feasible upon collection.

(d)     Hidden columns and rows shall be made visible, to the extent reasonably feasible upon collection.

(e)     Presenter notes shall be made visible, to the extent reasonably feasible upon collection.

(f)     Auto-populated fields, with the exception of auto-populating "page-number" fields, shall be replaced with text indicating the field name.  For example, auto-populating "date" fields shall be replaced with the text "DATE" and auto-populating "file path" fields shall be replaced with the text "PATH".

17.     <u>Cost Shifting</u>.  All costs associated with production of documents pursuant to this Order shall be borne by the producing party.  However, the Court will apportion the costs of electronic discovery upon a showing of good cause by the party seeking apportionment.

**E.     Privilege Log.**

1.     Consistent with Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding or redacting any responsive document on the grounds of any privilege, immunity or similar claim shall provide to the other party a Privilege Log containing the information described in the following subparagraph.

2.     For each document withheld or redacted, the Privilege Log shall contain the following information:  (i) the date of the document; (ii) the identity of all persons who authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information that is allegedly privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, etc.); and (vii) the

document numbers (*e.g*., Bates numbers) corresponding to the first and last page of any withheld or redacted document, if the document has been assigned any such document numbers.

3.      For each document withheld under a claim of privilege, the party withholding such document shall identify that document on a Privilege Log served no later than **thirty (30) days** after the due date for producing the document.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

5.      The parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

**F.      Protective Order.**

The parties jointly will submit a motion for a protective order as soon as practicable but not later than **September 10, 2013**.

**G.      Magistrate Judge.**

The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial or entry of final judgment.

**H.      Email Service.**

The parties consent to service by email, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).  The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a

document, the additional three (3) days permitted by Federal Rule of Civil Procedure 6(d) will apply, regardless of the manner of service, including for service by ECF.

      **I.**      **Pre-Trial Disclosures.**

      Rule 26(a)(3) disclosures, including a list of exhibits to be used at trial, a list of witnesses to be called at trial and the written stipulation of uncontested facts should be filed on or before **January 16, 2014.**  Any objections to trial exhibits or to designated deposition testimony must be filed **within ten (10) days** after the conference.  Counter-designations to designated testimony must be filed by **February 5, 2014.**  Objections to counter-designations must be filed by **February 12, 2014**.

      **J.**      **Summary Judgment Motions.**

      All summary judgment motions shall be filed no later than **January** 14, **2014**.  The deadline for filing an opposition brief to any motion for summary judgment shall be **fourteen (14) days** after the filing of any such motion.  The deadline for filing a reply brief shall be **seven (7) days** after the filing of any such opposition brief.

      **K.**      **Final Pretrial Conference.**

      The Final Pretrial Conference will be held on **January 16, 2014**, at 11:00 a.m.

            *        *        *

Respectfully submitted this 6th day of September 2013.

CRAVATH, SWAINE & MOORE LLP

_____/s/_____

Roger G. Brooks (*pro hac vice*)
Teena-Ann V. Sankoorikal (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Facsimile: 212-474-3700
rgbrooks@cravath.com
tsankoorikal@cravath.com
aharasymiak@cravath.com

TROUTMAN SANDERS LLP

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: 804-697-1200
Facsimile: 804-697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

*Attorneys for Defendant Alarm.com
Incorporated*

WILSON SONSINI GOODRICH & ROSATI

_____/s/_____

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300
Facsimile: 650-493-6811
jyoon@wsgr.com
rsmith@wsgr.com
aknutson@wsgr.com

KAUFMAN & CANOLES, P.C.

Stephen E. Noona, VSB #25367
Mark E. Warmbier, VSB #77993
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3000
Facsimile: 757-624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com

*Attorneys for Plaintiff iControl Networks, Inc.*

HUNTON & WILLIAMS LLP

_____/s/_____

Michael A. Oakes, VSB #42745
Alysa N. Youngson, VSB #82838
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: 202-955-1500
Facsimile: 202-778-2201
moakes@hunton.com
ayoungson@hunton.com

*Attorneys for Defendant FrontPoint Security Solutions, LLC*

16