IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ICONTROL NETWORKS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALARM.COM INCORPORATED; )<br>FRONTPOINT SECURITY SOLUTIONS, LLC )<br>)<br>    Defendants. )<br>) | Civil Action No. 1:13-cv-834-LMB/IDD<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF ICONTROL NETWORKS, INC.'S ANSWER TO DEFENDANT ALARM.COM INCORPORATED'S COUNTERCLAIMS

Plaintiff iControl Networks, Inc. ("iControl") hereby answers Defendant Alarm.com Incorporated's ("Alarm.com") Counterclaims ("Counterclaims"). iControl hereby responds to the numbered paragraphs of the Counterclaims and in doing so denies the allegations of the Counterclaims except as specifically stated:

### THE PARTIES

63. iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 63 that "Alarm.com is a Delaware corporation with its principal place of business at 8150 Leesburg Pike, Suite 1400, Vienna, Virginia 22182," and on that basis denies it. iControl admits the remaining allegations in Paragraph 63.

### JURISDICTION AND VENUE

64. iControl admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq.*

65. iControl admits that this Court has personal jurisdiction over iControl to the extent that iControl has submitted to personal jurisdiction for the purposes of this action. iControl denies the remaining allegations, whether express or implied, in Paragraph 65.

66. iControl admits that venue is proper in this judicial district to the extent that iControl has submitted to venue for the purposes of this action. iControl denies the remaining allegations, whether express or implied, in Paragraph 66.

**INFRINGEMENT OF ALARM.COM'S INNOVATIVE PATENTED TECHNOLOGY**

67. iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 67.

68. iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 68.

69. iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies them.

70. iControl admits that it announced the nationwide availability of its OpenHome™ broadband home management software platform on March 11, 2011. iControl admits that its March 11, 2011 press release states that OpenHome™, as part of ADT's Pulse Interactive Solution, offered the ability to "view live video and event-driven video clips and pictures, remotely control lights and thermostats, receive email or text message alerts, and more." The March 11, 2011 press release further states, "The solution also includes an interactive, easy-to-use touch screen that enables simple arming and disarming, lighting and thermostat control, live video viewing from in-home cameras, and provides quick-read information such as weather, traffic reports and news." However, other "published statements and materials" are not attached to the Counterclaims; therefore iControl lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies them. iControl denies the remaining allegations, whether express or implied, in Paragraph 70.

71. iControl admits that its OpenHome™ software platform is incorporated in home security systems sold by one or more home security companies. iControl denies the remaining allegations, whether express or implied, in Paragraph 71.

## ALARM.COM'S PATENTS

72. iControl admits that Exhibit A purports to be a copy of U.S. Patent No. 7,113,090 (the "'090 Patent"). iControl admits the face of the '090 patent bears an issue date of September 26, 2006 and has the title "System and Method for Connecting Security Systems to a Wireless Device." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 and on that basis denies them.

73. iControl admits that Exhibit B purports to be a copy of U.S. Patent No. 8,350,694 (the "'694 Patent"). iControl admits the face of the '694 patent bears an issue date of January 8, 2013 and has the title "Monitoring System to Monitor a Property with a Mobile Device with a Monitoring Application." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 and on that basis denies them.

74. iControl admits that Exhibit C purports to be a copy of U.S. Patent No. 8,493,202 (the "'202 Patent"). iControl admits the face of the '202 patent bears an issue date of July 23, 2013 and has the title "Alarm Signaling Technology." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 and on that basis denies them.

## COUNTERCLAIM ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,113,090

75. Paragraphs 63-74 are reincorporated by reference as if fully set forth herein.

76. iControl denies the allegations contained in Paragraph 76.

77. iControl admits that as of the date of Alarm.com's Answer and Counterclaims iControl had notice of the '090 patent. iControl denies the remaining allegations, whether express or implied, in Paragraph 77.

78. iControl denies the allegations contained in Paragraph 78.

79. iControl denies the allegations contained in Paragraph 79.

80. iControl denies the allegations contained in Paragraph 80.

## COUNTERCLAIM TWO

## INFRINGEMENT OF U.S. PATENT NO. 8,350,694

81. Paragraphs 63-74 are reincorporated by reference as if fully set forth herein.

82. iControl denies the allegations contained in Paragraph 82.

83. iControl admits that as of the date of Alarm.com's Answer and Counterclaims iControl had notice of the '694 patent.  iControl denies the remaining allegations, whether express or implied, in Paragraph 83.

84. iControl denies the allegations contained in Paragraph 84.

85. iControl denies the allegations contained in Paragraph 85.

86. iControl denies the allegations contained in Paragraph 86.

## COUNTERCLAIM TWO

## INFRINGEMENT OF U.S. PATENT NO. 8,493,202

87. Paragraphs 63-74 are reincorporated by reference as if fully set forth herein.

88. iControl denies the allegations contained in Paragraph 88.

89. iControl admits that as of the date of Alarm.com's Answer and Counterclaims iControl had notice of the '202 patent.  iControl denies the remaining allegations, whether express or implied, in Paragraph 89.

90. iControl denies the allegations contained in Paragraph 90.

91. iControl denies the allegations contained in Paragraph 91.

92. iControl denies the allegations contained in Paragraph 92.

## COUNTERCLAIM FOUR

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

93. Paragraphs 63-74 are reincorporated by reference as if fully set forth herein.

94. iControl admits the allegations contained in Paragraph 94.

95. iControl denies the allegations contained in Paragraph 95.

96. Paragraph 96 of the Counterclaims contains no allegations to which a response is required.  However, to the extent a response is required, iControl denies that Alarm.com is

-5-

entitled to the relief requested in Paragraph 96. iControl denies the remaining allegations, whether express or implied, of Paragraph 96.

## COUNTERCLAIM FIVE

## DECLARATORY JUDGMENT OF INVALIDITY

97. Paragraphs 63-74 are reincorporated by reference as if fully set forth herein.

98. iControl admits the allegations contained in Paragraph 98.

99. iControl denies the allegations contained in Paragraph 99.

100. Paragraph 100 of the Counterclaims contains no allegations to which a response is required. However, to the extent a response is required, iControl denies that Alarm.com is entitled to the relief requested in Paragraph 100. iControl denies the remaining allegations, whether express or implied, of Paragraph 100.

## PRAYER FOR RELIEF

iControl denies that Alarm.com is entitled to any of the relief requested in paragraphs 1 through 6 of its prayer for relief or to any other relief in any form whatsoever. iControl further denies each and every allegation contained in the Counterclaims to which it has not specifically responded.

## JURY DEMAND

iControl admits that Alarm.com demands a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

iControl has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '090, '694, and '202 Patents, either directly or indirectly, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

The claims of the '090, '694, and '202 Patents are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE – LIMITATIONS ON DAMAGES

Alarm.com's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286-288.

iControl is informed and believes, and thereon alleges, that Alarm.com may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE – LACHES, ESTOPPEL, AND/OR WAIVER

iControl is informed and believes, and thereon alleges, that Alarm.com's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

Alarm.com is not entitled to injunctive relief because any alleged injury to Alarm.com is not immediate or irreparable, and Alarm.com has an adequate remedy at law.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

iControl reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### Prayer For Relief

WHEREFORE, iControl respectfully requests entry of a final judgment:

(a) Dismissing Alarm.com's Counterclaims against iControl with prejudice;

(b) Ruling that Alarm.com is not entitled to any relief, whether in law or equity or otherwise, from its suit against iControl;

(c) Permanently enjoining Alarm.com, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '090, '694, and '202 Patents

against iControl or any parents, affiliates, or subsidiaries of iControl or their respective officers, agents, employees, successors, and assigns;

(d) Finding that this is an exceptional case and awarding iControl its respective costs and expenses, including reasonable attorneys' fees pursuant, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

(e) Awarding iControl any other relief, in law and in equity, to which the Court finds iControl is justly entitled.

## JURY DEMAND

iControl demands a trial by jury on all issues triable of right by a jury.

Dated: September 23, 2013

Respectfully submitted,

By: */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: senoona@kaufcan.com
Email: mewarmbier@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on September 23, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

  Marc Khadpe (*pro hac vice*)
  Teena-Ann Sankoorikal (*pro hac vice*)
  Daniel Weinstein (*pro hac vice*)
  Andrei Harasymiak (*pro hac vice*)
  Roger Brooks (*pro hac vice*)
  CRAVATH, SWAINE & MOORE LLP
  Worldwide Plaza
  825 Eighth Avenue
  New York, NY 10019
  Telephone: 212-474-1000
  Facsimile: 212-474-3700
  Email: mkhadpe@cravath.com
  Email: tsankoorikal@cravath.com
  Email: dweinstein@cravath.com
  Email: aharasymiak@cravath.com
  Email: rgbrooks@cravath.com

  *Counsel for Defendant Alarm.com, Inc.*

  Michael A. Oakes
  Virginia State Bar No. 42745
  Alysa N. Youngson
  Virginia State Bar No. 82838
  HUNTON & WILLIAMS LLP
  2200 Pennsylvania Avenue, N.W.
  Washington, DC 20037
  Telephone: (202) 955-1500
  Facsimile: (202) 778-2201
  Email: moakes@hunton.com
  Email: ayoungson@hunton.com

  *Counsel for Defendant FrontPoint Security Solutions, LLC*

              */s/ Stephen E. Noona*
              Stephen E. Noona
              Virginia State Bar No. 25367
              KAUFMAN & CANOLES, P.C.
              150 W. Main Street, Suite 2100
              Norfolk, VA 23510-1665
              Telephone: (757) 624-3000
              Facsimile: (757) 624-3169
              Email: senoona@kaufcan.com

12673175v1