IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ICONTROL NETWORKS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALARM.COM INCORPORATED; )<br>FRONTPOINT SECURITY SOLUTIONS, LLC )<br>)<br>    Defendants. )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:13-cv-834-LMB/IDD<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ICONTROL NETWORKS, INC.'S ANSWER TO
DEFENDANT ALARM.COM INCORPORATED'S ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS**

Plaintiff iControl Networks, Inc. ("iControl") hereby answers Defendant Alarm.com Incorporated's ("Alarm.com") Answer to First Amended Complaint and Counterclaims ("Counterclaims"). iControl hereby responds to the numbered paragraphs of the Counterclaims and in doing so denies the allegations of the Counterclaims except as specifically stated:

**THE PARTIES**

68. iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 68 that "Alarm.com is a Delaware corporation with its principal place of business at 8150 Leesburg Pike, Suite 1400, Vienna, Virginia 22182," and on that basis denies it. iControl admits the remaining allegations in Paragraph 68.

**JURISDICTION AND VENUE**

69. iControl admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq.*

70.     iControl admits that this Court has personal jurisdiction over iControl to the extent that iControl has submitted to personal jurisdiction for the purposes of this action. iControl denies the remaining allegations, whether express or implied, in Paragraph 70.

71.     iControl admits that venue is proper in this judicial district to the extent that iControl has submitted to venue for the purposes of this action. iControl denies the remaining allegations, whether express or implied, in Paragraph 71.

**INFRINGEMENT OF ALARM.COM'S INNOVATIVE PATENTED TECHNOLOGY**

72.     iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 72.

73.     iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 73.

74.     iControl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies them.

75.     iControl admits that it announced the nationwide availability of its OpenHome™ broadband home management software platform on March 11, 2011. iControl admits that its March 11, 2011 press release states that OpenHome™, as part of ADT's Pulse Interactive Solution, offered the ability to "view live video and event-driven video clips and pictures, remotely control lights and thermostats, receive email or text message alerts, and more." The March 11, 2011 press release further states, "The solution also includes an interactive, easy-to-use touch screen that enables simple arming and disarming, lighting and thermostat control, live video viewing from in-home cameras, and provides quick-read information such as weather, traffic reports and news." However, other "published statements and materials" are not attached to the Counterclaims; therefore iControl lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies them. iControl denies the remaining allegations, whether express or implied, in Paragraph 75.

76. iControl admits that its OpenHome™ software platform is incorporated in home security systems sold by one or more home security companies. iControl denies the remaining allegations, whether express or implied, in Paragraph 76.

## ALARM.COM'S PATENTS

77. iControl admits that Exhibit A purports to be a copy of U.S. Patent No. 7,113,090 (the "'090 Patent"). iControl admits the face of the '090 Patent bears an issue date of September 26, 2006 and has the title "System and Method for Connecting Security Systems to a Wireless Device." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 and on that basis denies them.

78. iControl admits that Exhibit B purports to be a copy of U.S. Patent No. 8,350,694 (the "'694 Patent"). iControl admits the face of the '694 Patent bears an issue date of January 8, 2013 and has the title "Monitoring System to Monitor a Property with a Mobile Device with a Monitoring Application." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and on that basis denies them.

79. iControl admits that Exhibit C purports to be a copy of U.S. Patent No. 8,493,202 (the "'202 Patent"). iControl admits the face of the '202 Patent bears an issue date of July 23, 2013 and has the title "Alarm Signaling Technology." iControl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and on that basis denies them.

## COUNTERCLAIM ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,113,090

80. Paragraphs 68-79 are reincorporated by reference as if fully set forth herein.

81. iControl denies the allegations contained in Paragraph 81.

82. iControl admits that as of the date of Alarm.com's Answer and Counterclaims iControl had notice of the '090 Patent. iControl denies the remaining allegations, whether express or implied, in Paragraph 82.

83. iControl denies the allegations contained in Paragraph 83.

84. iControl denies the allegations contained in Paragraph 84.

85. iControl denies the allegations contained in Paragraph 85.

## COUNTERCLAIM TWO

## INFRINGEMENT OF U.S. PATENT NO. 8,350,694

86. Paragraphs 68-79 are reincorporated by reference as if fully set forth herein.

87. iControl denies the allegations contained in Paragraph 87.

88. iControl admits that as of the date of Alarm.com's Answer and Counterclaims iControl had notice of the '694 Patent. iControl denies the remaining allegations, whether express or implied, in Paragraph 88.

89. iControl denies the allegations contained in Paragraph 89.

90. iControl denies the allegations contained in Paragraph 90.

91. iControl denies the allegations contained in Paragraph 91.

## COUNTERCLAIM THREE

## INFRINGEMENT OF U.S. PATENT NO. 8,493,202

92. Paragraphs 68-79 are reincorporated by reference as if fully set forth herein.

93. iControl denies the allegations contained in Paragraph 93.

94. iControl admits that as of the date of Alarm.com's Answer and Counterclaims, iControl had notice of the '202 Patent. iControl denies the remaining allegations, whether express or implied, in Paragraph 94.

95. iControl denies the allegations contained in Paragraph 95.

96. iControl denies the allegations contained in Paragraph 96.

97. iControl denies the allegations contained in Paragraph 97.

## COUNTERCLAIM FOUR

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

98. Paragraphs 68-79 are reincorporated by reference as if fully set forth herein.

99. iControl admits the allegations contained in Paragraph 99.

100. iControl denies the allegations contained in Paragraph 100.

101. Paragraph 101 of the Counterclaims contains no allegations to which a response is required. However, to the extent a response is required, iControl denies that Alarm.com is entitled to the relief requested in Paragraph 101. iControl denies the remaining allegations, whether express or implied, of Paragraph 101.

## COUNTERCLAIM FIVE

## DECLARATORY JUDGMENT OF INVALIDITY

102. Paragraphs 68-79 are reincorporated by reference as if fully set forth herein.

103. iControl admits the allegations contained in Paragraph 103.

104. iControl denies the allegations contained in Paragraph 104.

105. Paragraph 105 of the Counterclaims contains no allegations to which a response is required. However, to the extent a response is required, iControl denies that Alarm.com is entitled to the relief requested in Paragraph 105. iControl denies the remaining allegations, whether express or implied, of Paragraph 105.

## PRAYER FOR RELIEF

iControl denies that Alarm.com is entitled to any of the relief requested in paragraphs 1 through 6 of its Prayer for Relief or to any other relief in any form whatsoever. iControl further denies each and every allegation contained in the Counterclaims to which it has not specifically responded.

## JURY DEMAND

iControl admits that Alarm.com demands a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

iControl has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '090, '694, and '202 Patents, either directly or indirectly, literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE – INVALIDITY**

The claims of the '090, '694, and '202 Patents are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE – LIMITATIONS ON DAMAGES**

Alarm.com's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286-288.

iControl is informed and believes, and thereon alleges, that Alarm.com may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**FOURTH AFFIRMATIVE DEFENSE – LACHES, ESTOPPEL, AND/OR WAIVER**

iControl and Alarm.com both sell security-related products and services. iControl is informed and believes that Alarm.com was aware of iControl's products and services for a substantial period of time prior to the filling of this lawsuit, including those products and services Alarm.com now accuses of infringement. Despite this knowledge, Alarm.com unreasonably delayed bringing this action and thereby or otherwise indicated to iControl that Alarm.com would not enforce and/or would waive any purposed patent rights in relation to iControl's products and services. Alarm.com's delay has prejudiced iControl, including by causing iControl to continue to invest in the development, marketing, sales and support of the allegedly infringing products or to delay investigating and implementing potential design-arounds to avoid any alleged infringement. Accordingly, Alarm.com's patent claims are barred in whole or in part by the doctrine of laches, equitable estoppel and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

Alarm.com is not entitled to injunctive relief because any alleged injury to Alarm.com is not immediate or irreparable, and Alarm.com has an adequate remedy at law.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

iControl reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### Prayer For Relief

WHEREFORE, iControl respectfully requests entry of a final judgment:

(a) Dismissing Alarm.com's Counterclaims against iControl with prejudice;

(b) Ruling that Alarm.com is not entitled to any relief, whether in law or equity or otherwise, from its suit against iControl;

(c) Permanently enjoining Alarm.com, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '090, '694, and '202 Patents against iControl or any parents, affiliates, or subsidiaries of iControl or their respective officers, agents, employees, successors, and assigns;

(d) Finding that this is an exceptional case and awarding iControl its respective costs and expenses, including reasonable attorneys' fees pursuant, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

(e) Awarding iControl any other relief, in law and in equity, to which the Court finds iControl is justly entitled.

### JURY DEMAND

iControl demands a trial by jury on all issues triable of right by a jury.

Dated: October 17, 2013                               Respectfully submitted,

/s/ Mark E. Warmbier
Mark E. Warmbier
Virginia State Bar No. 77993
Stephen E. Noona
Virginia State Bar No. 25367
Matthew B. Chmiel
Virginia State Bar No. 65334
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665

        Telephone: (757) 624-3000
        Facsimile: (757) 624-3169
        Email: mewarmbier@kaufcan.com
        Email: senoona@kaufcan.com
        Email: mbchmiel@kaufcan.com

        James C. Yoon (*pro hac vice*)
        Ryan R. Smith (*pro hac vice*)
        Alyssa N. Knutson (*pro hac vice*)
        Mary Procaccio-Flowers (*pro hac vice*)
        **WILSON SONSINI GOODRICH & ROSATI, P.C.**
        650 Page Mill Road
        Palo Alto, CA 94304-1050
        Telephone: (650) 493-9300
        Facsimile: (650) 493-6811
        Email: jyoon@wsgr.com
        Email: rsmith@wsgr.com
        Email: aknutson@wsgr.com
        Email: mprocaccioflowers@wsgr.com

        *Counsel for Plaintiff iControl Networks, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marc Khadpe
Teena-Ann Sankoorikal
Daniel Weinstein
Andrei Harasymiak
Roger Brooks
Stefan H. Atkinson
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
mkhadpe@cravath.com
tsankoorikal@cravath.com
dweinstein@cravath.com
aharasymiak@cravath.com
rgbrooks@cravath.com
satkinson@cravath.com

Dabney J. Carr, IV
Robert A. Angle
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

*Counsel for Defendant Alarm.com, Inc.*

Michael A. Oakes
Alysa N. Youngson
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
moakes@hunton.com
ayoungson@hunton.com

*Counsel for Defendant FrontPoint Security Solutions, LLC*

 

*/s/ Mark E. Warmbier*
Mark E. Warmbier
Virginia State Bar No. 77993
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com

*Counsel for Plaintiff iControl Networks, Inc.*