# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ICONTROL NETWORKS, INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ALARM.COM INCORPORATED AND )<br>FRONTPOINT SECURITY SOLUTIONS, LLC, )<br>)<br>    Defendants. )<br>)<br>_____ ) | Civil Action No.: 1:13cv834 (LMB-IDD)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ICONTROL NETWORKS, INC.'S SUPPLEMENTAL RESPONSE TO DEFENDANT ALARM.COM INCORPORATED'S FIRST SET OF INTERROGATORIES (NO. 15)**

In accordance with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rule 26(C), Plaintiff iControl Networks, Inc. ("iControl") hereby supplements its response to Defendant Alarm.com Incorporated's ("Alarm.com") First Set of Interrogatories to iControl Networks, Inc. (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

iControl asserts each of the following General Objections to each of the Interrogatories. In addition to these General Objections, iControl may also state specific objections to the Interrogatories where appropriate, including objections that are not generally applicable to all interrogatories. By setting forth such specific objections, iControl does not intend to limit or restrict the General Objections. To the extent iControl agrees to produce documents responsive to the Interrogatories to which it objects, such response shall not constitute a waiver by iControl of any general or specific objection.

1.     iControl objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege, immunity, or protection. Any inadvertent production of any privileged information in response to the Interrogatories is not intended to constitute a waiver of any applicable privilege and/or protection.

2.     iControl objects to the Interrogatories to the extent that any of them, read alone or in conjunction with the "Definitions" or "Instructions," purports to impose obligations not imposed or contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, or any agreements or stipulations entered into by the parties.

3.     iControl objects to the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.     iControl objects to the Interrogatories to the extent that they seek information that is already in Defendant's possession, custody, or control, or that is as readily available to Defendant as it is to iControl.

5.     iControl objects to the Interrogatories to the extent that they seek information that is not in iControl's possession, custody, or control.

6.     iControl objects to the Interrogatories to the extent that they seek information the disclosure of which is governed by iControl's agreements with third parties, including confidentiality agreements. iControl will produce such information only after complying with, and in compliance with, the terms of such third-party agreements.

7. iControl objects to the Interrogatories to the extent that they seek information the disclosure of which is governed by a protective order entered by a Court. iControl will produce such information only after complying with, and in compliance with, the terms of the protective order.

8. iControl objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

9. To the extent that any Interrogatory seeks to discover the residence address and/or telephone number of any individual, iControl objects to each and every such Interrogatory on the grounds that such Interrogatory seeks information privileged from disclosure on the basis of said individual's right to privacy and confidentiality and because such Interrogatory seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. iControl expressly reserves the right to object to the admissibility at trial of these Objections and Responses or any documents or information produced in response to these Interrogatories. Neither iControl's Objections and Responses to the Interrogatories nor the production of information or materials in response to the Interrogatories are intended as an admission or concession of the admissibility of any information contained herein.

11. iControl objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions in defining the information requested. iControl denies any such disputed facts or legal conclusions assumed by the Interrogatories, and any response or objection to any Interrogatory is without prejudice to this objection.

12. iControl objects to the Interrogatories to the extent that they seek information relating to activities outside of the United States.

13. iControl objects to the Interrogatories to the extent that they seek information coming into existence on or after July 10, 2013, the date of commencement of this litigation.

14. iControl objects to the Interrogatories to the extent that they call for iControl to identify privileged information or documents created after the filing of this lawsuit.

15. iControl objects to the definition of "iControl", "you", and "your" to the extent such terms are overbroad and include entities and/or information outside of iControl's possession, custody or control.

16. iControl objects to the definition of "person" to the extent the definition creates overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

17. iControl objects to the definition of "Predecessor Product" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; (ii) the definition is vague, ambiguous, overbroad, and/or unreasonable as to the words or phrases "any", "product", "service", "facility", "computer software program", "architecture", "design", "code", "directly or indirectly", "in whole or in part", "creation", "such product, service, facility or computer software program", "acquired", and "third party"; and (iii) the definition is vague and ambiguous to the extent it fails to define "Predecessor Product" with reasonable particularity.

18. iControl objects to the definition of "Premises Automation Tasks" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil

4

Procedure and the local rules of the Court; and (ii) the definition is vague and ambiguous to the extent it fails to define "Premises Automation Tasks" with reasonable particularity.

19. iControl objects to the definition of "Security System" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; (ii) the definition is vague, ambiguous, overbroad, and/or unreasonable as to the phrases "system or method that uses data" and "derived from"; and (iii) the definition is vague and ambiguous to the extent it fails to define "Security System" with reasonable particularity.

20. iControl objects to the definition of "Premises Monitoring Function" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; and (ii) the definition is vague and ambiguous to the extent it fails to define "Premises Monitoring Function" with reasonable particularity.

21. iControl objects to the definition of "Premises Monitoring Product" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; (ii) the definition is vague, ambiguous, overbroad, and/or unreasonable as to the words or phrases "any", "product", "service", "facility", "computer software program", and "interface"; and (iii) the definition is vague and ambiguous to the extent it fails to define "Premises Monitoring Products" with reasonable particularity.

22. iControl objects to the definition of "iControl Accused Products" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable

Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; (ii) the definition is vague, ambiguous, overbroad, and/or unreasonable as to the words or phrases "all versions, releases and portions or features thereof", "products", "services", "facilities", and "computer software programs"; and (iii) the definition is vague and ambiguous to the extent it fails to define "iControl Accused Products" with reasonable particularity.

23. iControl objects to the definition of "sale" and "sell" to the extent (i) the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; (ii) the definition is vague, ambiguous, overbroad, and/or unreasonable as to the words or phrases "product", "service", "facility", "computer software program" and "otherwise supplied"; and (iii) the definition is vague and ambiguous to the extent it fails to define "sale" and "sell" with reasonable particularity.

24. iControl objects to the definition of "document" to the extent the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court; and to the extent the definition is broader than or contradictory to (i) an agreement or stipulation between iControl and the Defendants, or (ii) a Court order relating to discovery.

25. iControl objects to the definition of "all", "each", and "any" to the extent the definition creates overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

26. iControl objects to the definition of "concerning" to the extent the definition creates vague, ambiguous, overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

27. iControl objects to the definition of "including" and related grammatical forms such as "include" to the extent the definition creates overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

28. iControl objects to each definition of "identify" to the extent that each definition creates overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

29. iControl objects to each definition of "state the basis" to the extent that each definition creates overbroad, unduly burdensome, and/or unreasonable Interrogatories exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Court.

30. iControl objects to Instruction No. 4 to the extent the instruction (i) goes beyond what is required by the Federal Rules of Civil Procedure and the local rules of the Court; and (ii) is beyond Alarm.com's authority.

31. iControl objects to Instruction No. 5 to the extent the instruction (i) goes beyond what is required by the Federal Rules of Civil Procedure and the local rules of the Court; and (ii) is beyond Alarm.com's authority.

32. iControl objects to Instruction No. 6 to the extent the instruction (i) goes beyond what is required by the Federal Rules of Civil Procedure and the local rules of the Court; and (ii) is beyond Alarm.com's authority.

33. iControl objects to Instruction No. 4 to the extent the instruction is beyond Alarm.com's authority.

34. iControl's agreement to produce responsive, non-privileged information does not and shall not constitute an admission that any such information will be found after a reasonable search and/or inquiry by iControl or in fact exists.

35. All of the General Objections set forth herein are hereby incorporated into each specific response set forth below and have the same force and effect as if fully set forth therein.

36. To the extent iControl objects to one interrogatory as duplicative of another, the specific objections set forth below to any such interrogatory are hereby incorporated with respect to the other interrogatory.

## INTERROGATORIES

**INTERROGATORY NO.15:**

Separately and for each iControl Accused Product identified in response to Interrogatory 12, identify on a quarter-by-quarter basis starting with the first date that product was made, used, sold, or offered for sale in the United States or imported into the United States: (a) the number of units sold in the United States; (b) gross revenues; (c) costs and expenses associated with each product, including maintenance, upgrades, support, or other secondary services associated with the product; (d) profits before taxes net of any returns, allowances, or credits.

**OBJECTIONS TO INTERROGATORY NO. 15:**

iControl incorporates its General Objections as if fully set forth herein. In addition, iControl further objects to this Interrogatory to the extent it (i) seeks information the disclosure of which is subject to third-party confidentiality obligations or a protective order; (ii) is

overbroad, unduly burdensome, and/or oppressive to the extent that it seeks information that is not related to any claim or defense in this action and is not reasonably calculated to lead to the discovery of admissible evidence; (iii) seeks information that is confidential, protected by the right of privacy, and/or protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege, work product protection, common interest privilege and/or consulting expert privilege; (iv) seeks information not in iControl's possession, custody, or control; (v) is overbroad, unduly burdensome, and/or oppressive to the extent that it seeks information already in Defendant's possession, and/or calls for publicly available information; (vi) is unreasonably cumulative or duplicative of one or more other Interrogatories; (vii) is unreasonably cumulative or duplicative of discovery requested in Alarm.com's Requests for Production of Documents; (viii) seeks information which may be the subject of expert testimony, and is therefore premature and improperly seeks to conduct expert discovery in advance of the period ordered by the Court and/or set forth under the Federal Rules of Civil Procedure and any applicable local rules; (ix) is vague and ambiguous to the extent it fails to request information with reasonable particularity; (x) seeks information premature to that required by the Federal Rules of Civil Procedure, the Court, or any applicable local rules; (xi) is vague, ambiguous and/or overbroad to the extent it seeks information relating to unaccused products to the extent that the definition of iControl Accused Products is vague, ambiguous, and/or overbroad ;and (xii) is vague or ambiguous as to the phrase "or other secondary services with the product."

Subject to and without waiver of the foregoing objections, iControl will provide relevant, non-privileged or otherwise protected, reasonably available and responsive information to this Interrogatory on or before the deadline set forth in the Federal Rules of Civil Procedure 33(b)(2) and 6(d).

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiver of the foregoing objections, iControl responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, iControl responds that it has or

will produce documents from which information responsive to this interrogatory may be derived or ascertained. The burden of deriving or ascertaining the answer is substantially the same for Alarm.com as it is for iControl. Discovery is on-going and iControl will supplement its response if necessary. iControl identifies that documents within the following range contain information responsive to this interrogatory: iControl-Alarm 0072601-0072606.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiver of the foregoing objections, iControl responds as follows: pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, iControl responds that it has or will produce documents from which information responsive to this interrogatory may be derived or ascertained. The burden of deriving or ascertaining the answer is substantially the same for Alarm.com as it is for iControl. iControl identifies that documents within the following range contain information responsive to this interrogatory: iControl-Alarm 0820966; iControl-Alarm 0822859; iControl-Alarm 1027389 - 1027395; iControl-Alarm 1028123-1028130; and iControl-Alarm 1028913-15.

Because discovery is ongoing, iControl's investigation is continuing, and iControl expressly reserves the right to amend its response to this Interrogatory in accordance with Fed. R. Civ. P. 26 and 33.

Dated: October 30, 2013

Respectfully submitted,

*/s/ James C. Yoon*

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary A. Procaccio-Flowers (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Email:  jyoon@wsgr.com
Email:  rsmith@wsgr.com
Email:  aknutson@wsgr.com
Email:  mprocaccioflowers@wsgr.com

Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
Email:  senoona@kaufcan.com
Email:  mewarmbier@kaufcan.com

Matthew B. Chmiel
Virginia State Bar No. 65334
**KAUFMAN & CANOLES, P.C.**
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219
Telephone:  (804)771-5700
Facsimile:  (804) 771-5777
Email:  mbchmiel@kaufcan.com

*Counsel for Plaintiff iControl Networks, Inc.*

## VERIFICATION

I, William Grotzinger, Chief Financial Officer at iControl Networks, Incorporated, state that I have read iControl Networks, Incorporated's Supplemental Response to Alarm.com Incorporated's First Set of Interrogatories (No. 15) dated October 30, 2013, and verify that the answers contained therein are true and accurate to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2013 at Redwood Shores, CA

_____
William Grotzinger

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2013, I served by electronic mail the foregoing pleadings to the following counsel of record:

Marc Khadpe
Teena-Ann Sankoorikal
Daniel Weinstein
Andrei Harasymiak
Roger Brooks
Stefan H. Atkinson
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY   10019
mkhadpe@cravath.com
tsankoorikal@cravath.com
dweinstein@cravath.com
aharasymiak@cravath.com
rgbrooks@cravath.com
satkinson@cravath.com

Dabney J. Carr, IV
Robert A. Angle
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

*Counsel for Defendant Alarm.com, Inc.*

Michael A. Oakes
Alysa N. Youngson
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, DC  20037
moakes@hunton.com
ayoungson@hunton.com

*Counsel for Defendant FrontPoint Security Solutions, LLC*

/s/ Mary A. Procaccio-Flowers
James C. Yoon
Ryan R. Smith
Alyssa N. Knutson
Mary A. Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811
jyoon@wsgr.com
rsmith@wsgr.com
aknutson@wsgr.com
mprocaccioflowers@wsgr.com
*Counsel for Plaintiff iControl Networks, Inc.*