**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ICONTROL NETWORKS, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> ALARM.COM INCORPORATED, <br><br> Defendant/Counterclaim-Plaintiff, <br><br> and <br><br> FRONTPOINT SECURITY SOLUTIONS, LLC, <br><br> Defendant. | Case No. 1:13CV834 (LMB-IDD) <br><br> **JURY TRIAL DEMANDED** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AND
COUNTERCLAIM-PLAINTIFF ALARM.COM INCORPORATED'S
MOTION TO COMPEL A COMPLETE ANSWER TO
INTERROGATORIES NUMBERS 6 AND 15**

Defendant-Counterclaimant Alarm.com submits this reply memorandum in support of its Motion to Compel a Complete Answer to Interrogatories Nos. 6 and 15 (the "Motion").

**Interrogatory 15:  Financial Information**

Within the last week including today, iControl has provided substantial additional financial information.  In light of that production, Alarm.com agrees that its motion to compel is moot with respect to Interrogatory No. 15.

## <u>Interrogatory No. 6:  Factual Bases for Claims of Priority Based on Ancestor or Provisional Applications.</u>

On October 27, iControl "supplemented" its response to Interrogatory No. 6.  In its Opposition memorandum, iControl states that it has "provid[ed] detailed citations, by claim number, to the produced provisional application that enables each claim limitation."  In fact, iControl has provided almost no detail whatsoever concerning the basis of its purported priority dates.

Alarm.com's Interrogatory No. 6 requested:

> Separately for each Asserted Claim, state the basis for what you contend to be the invention date of the claim, **including identifying where you contend each limitation of the claim was fully described**, enabled and supported pursuant to 35 U.S.C. § 112 **in each patent application to or through which the claim claims priority**.

iControl's supplemental response does not provide the requested—and appropriate—information.

*First*, in order to support a priority date for a particular claim, a provisional or ancestor application must provide an adequate written description of the claim, which in turn requires that it describe *each limitation* of that claim.  *See Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).  iControl is asserting extraordinarily lengthy and complex claims against Alarm.com and Frontpoint, each containing a great many limitations.  Alarm.com needs and is entitled to know the limitation-by-limitation basis of iControl's claims of priority based on earlier applications in order to evaluate and respond to those claims—which of course may be critical to the validity of iControl's asserted claims.   For this same reason, albeit in the context of infringement rather than priority, the Federal Circuit has very recently affirmed the appropriateness of contention interrogatories requiring a party to identify the

basis for its contentions not merely on a claim-by-claim basis, but on an "element-by-element" basis. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 745 (Fed. Cir. 2012).

The ordinary manner of providing such contentions is for the party to list what it contends to be the limitations of the asserted claim, and then *separately* for each identify specific, targeted line numbers in the specification, and/or identify specific structures within figures, that it contends describe and enable that limitation. iControl has made no effort at all to provide this information, instead providing only sweeping, multi-page citations for each claim as a whole, with no attempt to identify any particular language or figures that it claims describe and enable any particular limitation. Saying "Go look; all the stuff in the claim is supported in there somewhere" simply is not sufficient, and does not respond to the interrogatory.

*Second*, in order to claim priority based on an earlier application in a chain, an asserted claim must be described and enabled by both the initial ancestor application from which priority is claimed, and the final application itself from which the claim issued—as well as by each intermediate application that makes up a link in that chain. *See e.g. Holmer v. Harari*, 681 F.3d 1351, 1355 (Fed. Cir. 2012) ("'[T]o gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112").

As a result, where iControl is claiming priority based on an ancestor or provisional application (or perhaps through a lengthier chain), Alarm.com must evaluate and respond to the support for iControl's claimed priority in both the initial and final

application (as well as any intermediate links). That is why Interrogatory 6 requests iControl to identify its claimed support "in *each* patent application to *or through* which the claim claims priority". iControl's supplemental response makes no effort at all to provide this information.

While at first glance identifying what iControl contends to be specific supporting language may appear to be a large task, in fact the same limitations appear repeatedly across many claims, greatly reducing the actual burden. But in any case, it was iControl's choice to assert some 98 claims against Alarm.com. That number will of course be impractical to try to a jury, and if iControl believes that it is impractical for it to provide appropriate discovery concerning its priority date contentions for such a large number of claims now, then it may wish to reduce that number now.

## CONCLUSION

For the reasons set out above and in Alarm.com's initial memorandum in support of its motion to compel, Alarm.com respectfully requests that:

a) The Court enter an order requiring iControl to provide complete responses to Interrogatory No. 6 by Friday, November 8.

b) In light of the fact that expert reports are due on November 13, the Court enter an order granting leave to Alarm.com and to Frontpoint to serve, within 10 calendar days after receipt of a complete response to Interrogatory No. 6 from iControl, any supplements or revisions to expert reports that may be required to take into account or respond to new information contained in iControl's supplemental response to Interrogatory No. 6.

ALARM.COM INCORPORATED

By_____/s/_____
          Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Roger G. Brooks
Teena-Ann V. Sankoorikal
Andrei Harasymiak
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 8th Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
rgbrooks@cravath.com
tsankoorikal@cravath.com
aharasymiak@cravath.com

*Counsel for Defendant Alarm.com Incorporated.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2013, I electronically filed the

foregoing pleading with the Clerk of Court using the CM/ECF system, which then will

send automatic notification of such filing (NEF) to the following:

James C. Yoon
Ryan R. Smith
Alyssa N. Knutson
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
jyoon@wsgr.com
rsmith@wsgr.com
aknutson@wsgr.com

Stephen E. Noona
Mark E. Warmbier
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com
mewarmbier@kaufcan.com

*Attorneys for Plaintiff iControl Networks, Inc.*

Michael A. Oakes
Alysa N. Youngson
Hunton & Williams, LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
moakes@hunton.com
ayoungson@hunton.com

*Attorneys for Defendant FrontPoint Security
Solutions, LLC*

 

 

 

 

                                /s/
Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
*Counsel for Defendant Alarm.com
Incorporated*