**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ICONTROL NETWORKS, INC., | |
| Plaintiff, | Case No. 1:13-CV-00834-LMB-IDD |
| v. | Jury Trial Demanded |
| ALARM.COM INCORPORATED, and FRONTPOINT SECURITY SOLUTIONS, LLC, | |
| Defendants. | |

**DEFENDANT FRONTPOINT SECURITY SOLUTIONS, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant FrontPoint Security Solutions, LLC ("FrontPoint"), by counsel, respectfully submits its Answer and Affirmative defenses in response to the First Amended Complaint For Patent Infringement of iControl Networks, Inc. ("Plaintiff"), and request a trial by jury on all issues so triable, as follows:

**PARTIES**

1.      FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore denies the same.

2.      FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies the same.

3.      FrontPoint is a Delaware corporation with a place of business in McLean, Virginia.  FrontPoint denies the remaining allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4.      FrontPoint admits that the Complaint purports to allege an action arising under the patent laws of the United States.  FrontPoint admits that this Court has jurisdiction over the

subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), but denies that the Complaint states a valid claim.

5.       For purposes of this action only, FrontPoint is not contesting venue in this action; however, FrontPoint denies that it has conducted or is conducting any infringing activity as alleged in the Complaint and further that it has directly and/or through intermediaries advertised, offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products within this district.

6.       FrontPoint is not contesting personal jurisdiction in this action; however, FrontPoint denies that it has conducted any infringing activity as alleged in the Complaint and further that it has directly and/or through intermediaries advertised, offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products within this district.

## iCONTROL

7.       FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies the same.

8.       FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies the same.

9.       FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore denies the same.

10.      FrontPoint admits that iControl filed a Complaint against Defendants Alarm.com and FrontPoint for infringement of U.S. Patent No. 7,262,690, U.S. Patent No. 7,911,341, U.S. Patent No. 8,073,931, U.S. Patent No. 8,335,842, U.S. Patent No. 8,473,619, and U.S. Patent No.

8,478,844.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10, and therefore denies the same.

## ALARM.COM AND FRONTPOINT

11.    FrontPoint admits that Chris Villar, Aaron Schumaker, and Peter Rogers founded FrontPoint in 2007.  FrontPoint admits that Mr. Villar made statements about FrontPoint in the press but denies that the Complaint accurately quotes those statements.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11, and therefore denies the same.

12.    FrontPoint admits it visited iControl's offices in Palo Alto, California in May 2007, and that Peter Rogers and Paul Dawes signed a "Mutual Nondisclosure Agreement" and that the parties engaged in technical and business discussions.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and therefore denies the same.

13.    FrontPoint admits that, on or about May 31, 2007, iControl provided FrontPoint with a device for evaluation by FrontPoint.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13, and therefore denies the same.

14.    FrontPoint admits that, on or about July 6, 2007, FrontPoint participated in a meeting with iControl.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14, and therefore denies the same.

15.     FrontPoint denies the first sentence of Paragraph 15.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and therefore denies the same.

16.     FrontPoint admits that, on or about November 2007, FrontPoint informed iControl that FrontPoint had decided to purchase equipment from Alarm.com.  FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and therefore denies the same.

17.     FrontPoint admits that the FrontPoint website contains the statements in Paragraph 17 but denies that those statements form a complete and accurate quote from the website.

18.     FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore denies the same.

19.     FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and therefore denies the same.

20.     FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore denies the same.

**COUNT 1**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,262,690**

21.     FrontPoint incorporates and realleges paragraphs 1-20.

22.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 7,262,690 (the '690 patent) is attached as Exhibit A to the First Amended Complaint.  FrontPoint admits that Exhibit A is entitled "Method and System for Monitoring Events," and, on its face, Exhibit A states that it was issued by the USPTO on August 28, 2007.  FrontPoint denies that the '690 patent was duly and legally issued.  FrontPoint lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 22, and therefore denies the same.

23.     To the extent the allegations in paragraph 23 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies each of those allegations.

24.     To the extent the allegations in paragraph 24 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies each of those allegations.

25.     To the extent the allegations in paragraph 25 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies each of those allegations.

26.     To the extent the allegations in paragraph 26 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies each of those allegations.

27.     To the extent the allegations in paragraph 27 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore denies the same.

**COUNT 2**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,911,341**

28.     FrontPoint incorporates and realleges paragraphs 1-20.

29.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 7,911,341 (the '341 patent) is attached as Exhibit B to the First Amended Complaint.  FrontPoint admits that Exhibit B is entitled "Method for Defining and Implementing Alarm/Notification by Exception," and, on its face, Exhibit B states that it was issued by the USPTO on March 22, 2011.  FrontPoint denies that the '341 patent was duly and legally issued.  FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore denies the same.

30.     To the extent the allegations in paragraph 30 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies each of those allegations.

31.     To the extent the allegations in paragraph 31 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies each of those allegations.

32.     To the extent the allegations in paragraph 32 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies each of those allegations.

33.     To the extent the allegations in paragraph 33 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies each of those allegations.

34.     To the extent the allegations in paragraph 34 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and therefore denies the same.

## COUNT 3
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,073,931

35.     FrontPoint incorporates and realleges paragraphs 1-20.

36.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 8,073,931 (the '931 patent) is attached as Exhibit CA to the First Amended Complaint.  FrontPoint admits that Exhibit C is entitled "Network Touchscreen with Integrated Interfaces," and, on its face, Exhibit C states that it was issued by the USPTO on December 6, 2011.  FrontPoint denies that the '931 patent was duly and legally issued.  FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and therefore denies the same.

37.     To the extent the allegations in paragraph 37 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies each of those allegations.

38.     To the extent the allegations in paragraph 38 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies each of those allegations.

39.     To the extent the allegations in paragraph 39 are directed at FrontPoint, FrontPoint denies the allegations.   Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies each of those allegations.

40.     To the extent the allegations in paragraph 40 are directed at FrontPoint, FrontPoint denies the allegations.   Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies each of those allegations.

41.     To the extent the allegations in paragraph 41 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and therefore denies the same.

## COUNT 4
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,335,842

42.     FrontPoint incorporates and realleges paragraphs 1-20.

43.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 8,335,842 (the '842 patent) is attached as Exhibit A to the First Amended Complaint.  FrontPoint admits that Exhibit D is entitled "Premises Management Networking," and, on its face, Exhibit D states that it was issued by the USPTO on December 18, 2012.  FrontPoint denies that the '842 patent was duly and legally issued.  FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43, and therefore denies the same.

44.     To the extent the allegations in paragraph 44 are directed at FrontPoint, FrontPoint denies the allegations.   Otherwise, FrontPoint lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies each of those allegations.

45.     To the extent the allegations in paragraph 45 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies each of those allegations.

46.     To the extent the allegations in paragraph 46 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies each of those allegations.

47.     To the extent the allegations in paragraph 47 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies each of those allegations.

48.     To the extent the allegations in paragraph 48 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, and therefore denies the same.

### COUNT 5
### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,473,619

49.     FrontPoint incorporates and realleges paragraphs 1-20.

50.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 8,473,619 (the '619 patent) is attached as Exhibit E to the First Amended Complaint.  FrontPoint admits that Exhibit E is entitled "Security Network Integrated with Premise Security System," and, on

its face, Exhibit E states that it was issued by the USPTO on June 25, 2013.  FrontPoint denies that the '619 patent was duly and legally issued.  FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50, and therefore denies the same.

51.    To the extent the allegations in paragraph 51 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies each of those allegations.

52.    To the extent the allegations in paragraph 52 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies each of those allegations.

53.    To the extent the allegations in paragraph 53 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies each of those allegations.

54.    To the extent the allegations in paragraph 54 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies each of those allegations.

55.    To the extent the allegations in paragraph 55 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55, and therefore denies the same.

## COUNT 6
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,478,844

56.     FrontPoint incorporates and realleges paragraphs 1-20.

57.     FrontPoint admits that what appears to be a copy of U.S. Patent No. 8,478,844 (the '844 patent) is attached as Exhibit F to the First Amended Complaint.  FrontPoint admits that Exhibit F is entitled "Forming a Security Network Including Integrated Security System Components and Network Devices," and, on its face, Exhibit F states that it was issued by the USPTO on July 2, 2013.  FrontPoint denies that the '844 patent was duly and legally issued. FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57, and therefore denies the same.

58.     To the extent the allegations in paragraph 58 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies each of those allegations.

59.     To the extent the allegations in paragraph 59 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies each of those allegations.

60.     To the extent the allegations in paragraph 60 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies each of those allegations.

61.     To the extent the allegations in paragraph 61 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies each of those allegations.

62.     To the extent the allegations in paragraph 62 are directed at FrontPoint, FrontPoint denies the allegations.  Otherwise, FrontPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62, and therefore denies the same.

**WHEREFORE**, FrontPoint denies that Plaintiff is entitled to the requested relief identified in items A-E of its Prayer for Relief, or any other relief whatsoever in this action. FrontPoint further denies each and every allegation of the Amended Complaint as set forth herein or to which the FrontPoint has not specifically admitted or specifically responded.

## DEMAND FOR JURY TRIAL

FrontPoint hereby demands a jury trial on all issues so triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Amended Complaint and as additional defenses thereto, FrontPoint asserts the following Affirmative Defenses, without admitting any allegation not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on Plaintiff.  FrontPoint reserves the right to allege additional Affirmative Defenses as they become known throughout the course of discovery.

### First Affirmative Defense
(Failure to State a Claim)

The First Amended Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**
(Non-Infringement of U.S. Patent No. 7,262,690)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 7,262,690.

**Third Affirmative Defense**
(Invalidity of U.S. Patent No. 7,262,690)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 7,262,690 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

**Fourth Affirmative Defense**
(Non-Infringement of U.S. Patent No. 7,911,341)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 7,911,341.

**Fifth Affirmative Defense**
(Invalidity of U.S. Patent No. 7,911,341)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 7,911,341 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

## Sixth Affirmative Defense
(Non-Infringement of U.S. Patent No. 8,073,931)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 8,073,931.

## Seventh Affirmative Defense
(Invalidity of U.S. Patent No. 8,073,931)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 8,073,931 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

## Eighth Affirmative Defense
(Non-Infringement of U.S. Patent No. 8,335,842)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 8,335,842.

## Ninth Affirmative Defense
(Invalidity of U.S. Patent No. 8,335,842)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 8,335,842 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

### Tenth Affirmative Defense
(Non-Infringement of U.S. Patent No. 8,473,619)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 8,473,619.

### Eleventh Affirmative Defense
(Invalidity of U.S. Patent No. 8,473,619)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 8,473,619 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

### Twelfth Affirmative Defense
(Non-Infringement of U.S. Patent No. 8,478,844)

FrontPoint has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 8,478,844.

### Thirteenth Affirmative Defense
(Invalidity of U.S. Patent No. 8,478,844)

Plaintiff's purported claims for infringement are barred, in whole or part, because one or more of the claims of U.S. Patent No. 8,478,844 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.  FrontPoint reserves the right to assert any other basis for invalidity, or any other defense, that discovery may reveal.

**Fourteenth Affirmative Defense**
(Prosecution History Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel because the amendments and arguments made during the prosecution limit the scope of the claims of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 and bar Plaintiff's allegations of infringement, whether literally or under the doctrine of equivalents.

**Fifteenth Affirmative Defense**
(Statutory Limitations on Damages and Costs)

Plaintiff's claims for damages and costs, if any, are statutorily barred or limited by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

**Sixteenth Affirmative Defense**
(No Irreparable Harm)

Plaintiff is not entitled to injunctive relief against FrontPoint because any alleged injury to Plaintiff as a result of FrontPoint's alleged activities is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**Seventeenth Affirmative Defense**
(License, First Sale, Exhaustion)

Plaintiff's claims are barred, in whole or in part, under the doctrines of license, first sale, and exhaustion because Plaintiff has granted implied and/or express licenses, directly and/or indirectly, to U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.

**Eighteenth Affirmative Defense**
(Laches)

Plaintiff's claims are barred, in whole or in part, under the doctrines of laches because of Plaintiff's unreasonable delay in asserting the patents-in-suit materially prejudiced FrontPoint.

### Nineteenth Affirmative Defense
(Equitable Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, under the doctrine of equitable estoppel because Plaintiff's unreasonable delay in filing suit misled FrontPoint to believe Plaintiff did not intend to enforce U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 against it; FrontPoint relied on such misleading conduct; and FrontPoint would be materially prejudiced if Plaintiff were permitted to proceed with its alleged claims of infringement against FrontPoint.

### FRONTPOINT'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant FrontPoint for its Counterclaims against Plaintiff alleges as follows:

### JURISDICTION AND VENUE

63.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202.  Plaintiff has sued FrontPoint in this present action, alleging infringement of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.

64.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and 1400(a).

### PARTIES

65.     FrontPoint is a corporation organized and existing under the laws of the State of Delaware having its principal offices in McLean, Virginia.

66.     According to the Complaint, Plaintiff iControl Networks, Inc. is a Delaware corporation with its principal place of business at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065.  iControl purports to be the assignee and lawful owner of all right, title,

and interest in U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.

## FIRST COUNT
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

67.     The allegations contained in paragraphs 63-66 of these Counterclaims are incorporated as if fully set forth herein.

68.     Plaintiff has sued FrontPoint in this present action, alleging infringement of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.  Thus, an immediate, real, and justiciable controversy exists between Plaintiff and FrontPoint with respect to the alleged non-infringement of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.

69.     FrontPoint does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 under any theory of infringement, including direct infringement, indirect infringement, joint infringement, literal infringement, or infringement under the doctrine of equivalents.

70.     No claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 can be validly construed to cover any product made, used, sold, offered for sale, or imported by FrontPoint.

## SECOND COUNT
## DECLARATORY JUDGMENT OF INVALIDITY

71.     The allegations contained in paragraphs 63-70 of these Counterclaims are incorporated as if fully set forth herein.

72.    Based on the filing of the present action and FrontPoint's Separate Defenses, an immediate, real, and justiciable controversy exists between Plaintiff and FrontPoint with respect to the alleged invalidity of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844.

73.    Each claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 is invalid for failure to comply with the conditional requirements for patentability as set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## RELIEF REQUESTED

WHEREFORE, FrontPoint prays for judgment against Plaintiff as follows:

A.    For an order dismissing Plaintiff's Complaint;

B.    For an order declaring that FrontPoint has not infringed, directly, indirectly, or contributorily, any claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844, nor has FrontPoint induced or caused others to infringe, directly, indirectly, or contributorily, any claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844;

C.    For an order declaring each claim of U.S. Patent Nos. 7,262,690; 7,911,341; 8,073,931; 8,335,842; 8,473,619 and 8,478,844 is invalid;

D.    For an order declaring this case to be exceptional and directing Plaintiff to pay FrontPoint's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

E.    For an order granting to FrontPoint any such other, further, and different relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FrontPoint hereby respectfully requests a jury trial on all issues and claims so triable.


Dated: October 31, 2013                          Respectfully submitted,

                                                  /s/  Michael A. Oakes
                                                 Michael A. Oakes (VA Bar No. 47245)
                                                 Email: moakes@hunton.com
                                                 Alysa N. Youngson (VA Bar No. 82838)
                                                 Email: ayoungson@hunton.com
                                                 **Hunton & Williams LLP**
                                                 2200 Pennsylvania Ave. N.W.
                                                 Washington, DC 20037
                                                 Telephone: (202) 955-1500
                                                 Facsimile: (202) 778-2001

                                                 *Counsel for Defendant*
                                                 *FrontPoint Security Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2013, the foregoing **DEFENDANT FRONTPOINT SECURITY SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to the following:

Mark Edward Warmbier
Email: mewarmbier@kaufcan.com
Stephen Edward Noona
Email: senoona@kaufcan.com
**Kaufman & Canoles, P.C.**
150 W Main Street, Suite 2100
P.O. Box 3037
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169

James C. Yoon
Email: jyoon@wsgr.com
Ryan R. Smith
Email: rsmith@wsgr.com
Alyssa N. Knutson
Email: aknutson@wsgr.com
**Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Counsel for Plaintiff iControl Networks, Inc.*

Dabney J. Carr, IV
Email: dabney.carr@troutmansanders.com
Robert A. Angle
Email: robert.angle@troutmansanders.com
**Troutman Sanders LLP**
P.O. Box 1122
Richmond, Virginia 23218
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

*Counsel for Defendant Alarm.com
Incorporated*

/s/  Michael A. Oakes
Michael A. Oakes (VA Bar No. 47245)
Email: moakes@hunton.com
**Hunton & Williams LLP**
2200 Pennsylvania Ave. N.W.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2001

*Counsel for
Defendant FrontPoint Security Solutions LLC*