IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ICONTROL NETWORKS, INC. | ) |
| Plaintiff, | ) Civil Action No. 1:13-cv-834-LMB/IDD |
| v. | ) |
| ALARM.COM INCORPORATED; FRONTPOINT SECURITY SOLUTIONS, LLC | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

**PLAINTIFF ICONTROL NETWORKS, INC.'S OPPOSITION TO DEFENDANT ALARM.COM INC.'S MOTION TO COMPEL**

Plaintiff iControl Networks, Inc. ("iControl") submits this memorandum in opposition to Defendant Alarm.com Inc.'s ("Alarm.com") premature Motion to Compel a Complete Answer to Request for Production No. 89 and to Produce Documents from the Confluence System ("Motion").

**ARGUMENT**

**I.    Alarm.com Has Failed to Properly Identify the Precise Discovery Requested by Request for Production No. 89**

Alarm.com's motion to compel further discovery in response to Request for Production No. 89 should be denied because, as explained below, iControl has already fully complied with the request.

By way of background, iControl provides software to home security companies, such as ADT, for purposes of augmenting the features and functionality of traditional home security systems. Through ADT, and numerous cable companies, iControl's software is available to anyone with an ADT security system or cable television. Although Alarm.com has asserted patent counterclaims of infringement against iControl's publicly available software, its legal counsel failed to expect or otherwise utilize the software prior to filing its counterclaims.[1]

Having failed to inspect the accused iControl software prior to filing its counterclaims, Alarm.com has sought this information through discovery. In particular, Request for Production No. 89 states:

> Three samples of each of iControl's Accused Products, including executable versions of all software involved in running iControl's Accused Products, whether the software resides in an Accused Product or on a server that provides services to the Accused Product.

*See* Plaintiff iControl Networks, Inc.'s Objections to Defendant Alarm.com Inc.'s Second Set of Requests for Production, dated September 16, 2013, at 43, attached as Smith Decl. ¶ 2, Exhibit A. iControl initially objected to this request and offered to meet and confer with Alarm.com. *Id*. During the initial meet and confer, iControl's counsel explained that iControl was willing to produce the software that it provided to its customers (such as ADT) but that installing that software was not a trivial task. Smith Decl., ¶ 4. Alarm.com's counsel (Teena-Ann Sakoorikal) specifically agreed during the call that iControl's production of the server-side executable

---

[1] *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement.").

software would be sufficient for Request for Production No. 89. Smith Decl., ¶ 5. Based on the party's agreement, iControl began collecting the relevant software and produced that software, i.e., the executable version of its software provided to its customers. Smith Decl., ¶ 6.

During that same meet and confer, iControl explained that it had not sought (and did not require) reciprocal discovery from Alarm.com because—in compliance with its Rule 11 obligations—iControl had purchased an Alarm.com subscription prior to filing its patent infringement claims and tested that system to confirm Alarm.com's infringement. Smith Decl., ¶ 7. The cost of obtaining the Alarm.com system was minimal and installation was easy. *Id.* Ms. Sakoorikal offered no explanation for why Alarm.com had failed to likewise purchase a subscription to the software that it accused prior to filing its counterclaims. *Id.* at ¶ 8.

On October 22, the parties had an in-person meet and confer to discuss Request for Production No. 89. Smith Decl., ¶ 9. During the discussion, a different attorney for Alarm.com (Marc Khadpe) informed iControl's counsel that he "didn't care" what the parties had previously agreed to. Smith Decl., ¶ 10. He further stated that he didn't want the executable software that iControl had – at that point – devoted a substantial amount of time collecting for production. *Id.* Instead, he wanted iControl to provide a "demo" system, which implemented the accused software, complete with devices used on that system. *Id.* iControl was disappointed by Alarm.com's decision to renege on the party's prior art agreement. *Id.* at ¶ 11. Nonetheless, iControl agreed to set-up demo systems (which involved substantial time and effort) for the accused products. *Id.* During the in-person meet and confer, Mr. Khadpe refused to explain why Alarm.com failed to inspect the accused iControl software (publicly available from ADT and

numerous cable companies) prior to asserting its patent counterclaims and, when pressed, abruptly ended the meeting. *Id.* at ¶ 12.

To date, iControl has provided access to two fully operational demo systems, produced the executable server code, and informed Alarm.com repeatedly that they can access the full systems by calling ADT and/or upgrading their cable.[2] Alarm.com has yet to access any of the fully operational demo systems.[3]

Despite all this, Alarm.com is not satisfied. Alarm.com now requests access *each and every* of "iControl's Connect and Converge-based systems that are currently supported in the United States, including but not limited to ADT Pulse, Telguard HomeControl, Comcast XFINITY and Time Warner Cable IntelligentHome, with corresponding logins to both the web and mobile app interfaces to those systems." *See* Motion at 7.[4] But as Alarm.com knows, iControl does not have the ability (or legal right) to provide access to the computer systems of its customers. *Advanced Computer Servs. of Michigan, Inc. v. MAI Sys. Corp.*, 845 F. Supp. 356, 367 (E.D. Va. 1994) (finding that Defendant's permitting third party access to software violated their licensing agreements and infringed Plaintiffs' copyrights). iControl does have test-beds for certain of its customers (including ADT and Comcast) however, providing access to those test-beds (which reside behind iControl's corporate firewall) is not feasible from a technical

---

[2] Defendant's Exhibits 5 and 8.

[3] *See* November 12 email from Ryan Smith, attached as Smith Decl., ¶ 3, Exhibit B.

[4] Alarm.com, also, for the first time in its Motion, proposes that iControl "stipulate that some subset of fully-functional versions of the accused products it supports is representative of all its accused products in all relevant respects" in order to narrow the scope of Request for Production No. 89. iControl requests it be allowed time to consider this proposal.

perspective and would expose the entirety of iControl's corporate information (including attorney-client privileged information) to Alarm.com's outside counsel. Smith Decl., ¶ 13. Moreover, those test-beds may not correspond to the version of iControl software that its customers are actually and may not be configured the same way as any iControl customer. *Id.*

In fact, the only practical way to provide the information that Alarm.com seeks is for Alarm.com's counsel to subscribe to the ADT, Telular, Comcast, and Time Warner home security solutions. As explained above, Rule 11 required that Alarm.com do so <u>before</u> filing its counterclaims so Alarm.com cannot be unduly burdened by complying with its ethical obligations. Why Alarm.com steadfastly refuses to comply with its ethical obligations is unclear.

## II. iControl Has Produced Documents Responsive to Request for Production No. 59

For the first time in its Motion, Alarm.com alleges a deficiency in iControl's response to Request for Production No. 59. Request for Production No. 59 asks for production of:

> All documents concerning the design, development, testing, operation, structure, use or function of the Accused Products, including but not limited to:
> a. specifications of application programming interfaces ("APIs");
> b. representations of any graphical user interface;
> c. test plans, test cases and test results;
> d. descriptions of changes, errors, "bugs", fixes, corrections and "workarounds";
> e. installation guides, user manuals, reference manuals, help guides, web manuals, tutorials, instructional materials, training manuals or videos and all amendments, revisions or changes thereto;
> f. documents relating to the decision to incorporate any Premises Monitoring Functions, including any customer feedback, surveys, analysis of or communications concerning any alternative technology, products or offerings, including Alarm.com's patents or technology; and [sic]

*See* Smith Decl., ¶ 2, Exhibit A. iControl agreed to "produce responsive, non-privileged documents found in a reasonable search of the documents in iControl's possession, custody or control." *Id.* Alarm.com never disputed this response as insufficient.

In its production of over half a million documents, iControl provided a multitude of technical documents. Now, in an eleventh hour attempt to justify the need for supplementation of its expert reports, Alarm.com requests further discovery. Alarm.com has failed to establish that iControl has not already produced documents responsive to Request No. 59.

Furthermore, iControl confirmed that the documents it already produced would be sufficient to show the operation of the accused products. Smith ¶ 14. The information on Confluence is duplicative of this discovery. *Id.*

In addition, iControl has attempted to export the information from its Confluence system. Smith ¶ 15. The Confluence system runs on a MYSQL database, and thus data must be exported as files. *Id.* In spite of this burden, the company is attempting to export and produce the files related to development and design of the Accused Products. *Id.*

Finally, Alarm.com mischaracterizes its engagement in the meet and confer process. iControl never refused to produce responsive documents from its Confluence system. Had Alarm.com meaningfully addressed the issue, it would have discovered iControl's willingness to provide such documents subject to iControl's own determination of their relevance in light of other discovery. iControl attempted to meet and confer with counsel last Friday, November 8 before the Motion's filing, but Alarm.com refused to discuss the issue. Smith Decl., at ¶ 16.

Because Alarm.com failed to identify a specific deficiency, and failed to engage in a meaningful meet and confer process, its Motion should be denied. Additionally, because iControl is already attempting to export and produce the files from its Confluence system, Alarm.com's Motion should be denied as moot.

## CONCLUSION

For the foregoing reasons, iControl requests that the Court deny Alarm.com's motion to compel a complete answer to Request for Production Number 89 and produce documents from iControl's Confluence system.

Dated: November 13, 2013

Respectfully submitted,

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811
Email:  jyoon@wsgr.com
Email:  rsmith@wsgr.com
Email:  aknutson@wsgr.com
Email:  mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marc Khadpe (*pro hac vice*)
Teena-Ann Sankoorikal (*pro hac vice*)
Daniel Weinstein (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Roger Brooks (*pro hac vice*)
Stefan Howard Atkinson (*pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
Email: mkhadpe@cravath.com
Email: tsankoorikal@cravath.com
Email: dweinstein@cravath.com
Email: aharasymiak@cravath.com
Email: rgbrooks@cravath.com

Dabney J. Carr, IV
Robert A. Angle
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
dabney.carr@troutmansanders.com
roberts.angle@troutmansanders.com

*Counsel for Defendant Alarm.com, Inc.*

Michael A. Oakes
Virginia State Bar No. 42745
Alysa N. Youngson
Virginia State Bar No. 82838
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moakes@hunton.com
ayoungson@hunton.com

*Counsel for Defendant FrontPoint Security Solutions, LLC*

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com
Email: mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*