IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ICONTROL NETWORKS, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:13-cv-834-LMB/IDD |
| ) | |
| v. ) | |
| ) | |
| ALARM.COM INCORPORATED; ) | **JURY TRIAL DEMANDED** |
| FRONTPOINT SECURITY SOLUTIONS, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF ICONTROL NETWORKS, INC.'S RESPONSE TO DEFENDANT'S MOTION TO SEAL**

This is a patent action brought by plaintiff, iControl Networks, Inc. ("iControl") against Alarm.com Incorporated ("Alarm.com") and FrontPoint Security Solutions, LLC ("FrontPoint") (collectively, the "Defendants"). Alarm.com filed a Motion to Compel a Complete Answer to Request for Production Number 89 and to Produce Documents from the Confluence System (Doc. No. 72) ("Motion to Compel"). In connection with that motion, Alarm.com also filed a Motion to Seal Exhibits 18-20 to the Memorandum of Law filed in support of the Motion to Compel ("Motion to Seal"). Because (1) the limited materials sought to be sealed are covered by the Court's Confidentiality Stipulation and Protective Order entered on September 12, 2013 (Doc. No. 41) (2) the materials sought to be sealed involve confidential information not generally known to the public the disclosure of which would cause iControl competitive harm, and (3) Alarm.com has met the requirements of sealing under Fourth Circuit law, iControl respectfully requests that the Court grant the Motion to Seal and file the requested materials under seal.

## BACKGROUND

Under the Protective Order, depositions that involve confidential information may be designated confidential and filed under seal with the Court's approval. Accordingly, Alarm.com attached limited portions from the depositions of three iControl principals that contain testimony concerning the non-public specifications of certain of iControl products. Declaration of Mary A. Procaccio-Flowers, at ¶ 2. This information is not generally known to the public and the disclosure of it would cause competitive harm to iControl. Id. at ¶ 3. Defendants have complied with Local Rule 5 in filing the Motion to Seal, have minimized their request to seal to a small portion of the deposition and a few lines in their publically filed Memorandum in Support, and have given due public notice of the request as required under Fourth Circuit law.

## ARGUMENT

Alarm.com's Motion to Compel focuses upon the discovery of information relating to certain iControl products. In support of the Motion to Compel, defendants have attached excerpts from these three principals of iControl that iControl has designated as Confidential under the Protective Order. The excerpts deal principally with the specifications and modifications of iControl products. All such information that is not generally known to the public and the disclosure of which would cause iControl competitive harm. As a result, Alarm.com moved to seal as required under the Protective Order.

The materials that Alarm.com has sought to seal should remain sealed as the narrow redactions will prevent iControl from suffering financial and competitive harm. *See, e.g.*, *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re The Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 606-10 (E.D. Va. 1999); *see also, Woven Elecs. Corp. v. Advance Group, Inc.*, 930 F.2d 913, 1991 U.S. App.

LEXIS 6004, at *16-19 (4th Cir. Apr. 15, 1991) (unpublished) (recognizing an exception to the public's right of access when a case involves trade secrets); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581 (E.D. Va. 2009). Indeed, while materials introduced in both civil and criminal cases typically are open to the public, there are recognized exceptions to this right to access. *See, e.g.*, *Ashcraft*, 218 F.3d at 302; *In re The Knight Publ'g Co.*, 743 F.2d at 234; *Boone*, 79 F. Supp. 2d at 606-10. One recognized, limited exception occurs when a party seeks to protect commercially sensitive information from public disclosure, or where access to information could provide a source of business information that might harm a litigant's competitive standing.

This Court and the Fourth Circuit have recognized this exception and have allowed such commercially sensitive information to be kept confidential. *See, e.g., Woven Elecs. Corp,* 1991 U.S. App. LEXIS 6004, at * 17-20 (recognizing an exception to the public's right of access when a case involves trade secrets); *Level 3 Comm.,* 611 F. Supp. 2d at 581 (private interests may override the First Amendment presumption of public access where an entity's property interest in its trade secrets especially in civil litigation). Alarm.com's redacted materials meet this exception and should remain sealed.

There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.,* 218 F.3d 282, 288 (4th Cir. 2000)).

First, as set forth in its original sealing motions, Alarm.com has complied with this Court's Local Rule 5 and the notice requirements of the Fourth Circuit. *Ashcraft*, 218 F.3d at

302; *In re The Knight Publ'g Co.*, 743 F.2d at 234. Alarm.com filed fulsome public versions of the pleadings at issue and has given notice to the public of their motion to seal the narrow, limited redactions set forth above. Only a few pages of each deposition have been sealed. To the best of iControl's knowledge, no objections have been lodged to the motion.

Second, as this Court should conclude, the specific information that Alarm.com seeks to seal is proprietary and relates to information concerning the functionality of iControl's software products and internal document management system. Procaccio-Flowers Declaration, at ¶ 4. Alarm.com has narrowly tailored the redactions to seek the sealing of only commercially sensitive material, the disclosure of which could lead to competitive harm. As such, the information falls within the Fourth Circuit's definition of a "compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Woven Elecs. Corp.,* 1991 U.S. App. LEXIS 6004, at * 6-7 .

Finally, as argued by Alarm.com, there are no alternatives to redaction that will protect this sensitive information short of full disclosure. *Ashcraft,* 218 F.3d at 302. The narrow redactions will allow the Court to consider the issues without causing iControl competitive harm.

## CONCLUSION

For the foregoing reasons, iControl requests that the Court grant Alarm.com's Motion to Seal. In the alternative, iControl requests the opportunity to work with defendants to further redact the materials sought to be sealed.

Dated: November 13, 2013                           Respectfully submitted,

                                                   */s/ Stephen E. Noona*
                                                   Stephen E. Noona
                                                   Virginia State Bar No. 25367
                                                   Mark E. Warmbier

Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com
Email: mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marc Khadpe (*pro hac vice*)
Teena-Ann Sankoorikal (*pro hac vice*)
Daniel Weinstein (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Roger Brooks (*pro hac vice*)
Stefan Howard Atkinson (*pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY   10019
Telephone:  212-474-1000
Facsimile:  212-474-3700
Email:  mkhadpe@cravath.com
Email:  tsankoorikal@cravath.com
Email:  dweinstein@cravath.com
Email:  aharasymiak@cravath.com
Email:  rgbrooks@cravath.com

Dabney J. Carr, IV
Robert A. Angle
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
Email:  dabney.carr@troutmansanders.com
Email:  roberts.angle@troutmansanders.com

*Counsel for Defendant Alarm.com, Inc.*


Michael A. Oakes
Virginia State Bar No. 42745
Alysa N. Youngson
Virginia State Bar No. 82838
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, DC   20037
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
Email:  moakes@hunton.com
Email:  ayoungson@hunton.com

*Counsel for Defendant FrontPoint Security Solutions, LLC*

        */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com
Email: mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*