**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| ICONTROL NETWORKS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-834-LMB/IDD |
| | ) | |
| v. | ) | |
| | ) | |
| ALARM.COM INCORPORATED; | ) | **JURY TRIAL DEMANDED** |
| FRONTPOINT SECURITY SOLUTIONS, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF ICONTROL NETWORKS, INC.'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT I OF THE
<u>AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff iControl Networks, Inc. ("iControl"), by and through its attorneys, respectfully submits this memorandum in opposition to Defendant, Alarm.com Incorporated ("Alarm.com") and FrontPoint Security Solutions, LLC ("FrontPoint") (collectively, "Defendants") Motion to Dismiss Count I of the Amended Complaint for Lack of Standing and Subject Matter Jurisdiction ("Motion").

## INTRODUCTION

Defendants seek to dismiss Count I by arguing that iControl did not have title, and thus standing, to assert infringement claims involving U.S. Patent No. 7,262,690 ("the '690 Patent"). Defendants make their motion, over four months into the lawsuit, despite the fact that iControl had cured standing *before* filing the *operative* Amended Complaint. Where, as here, the plaintiff filed an amended complaint at the onset of a case and as a matter of course, courts look to the amended complaint—rather than the original complaint—to determine standing. Indeed, parties commonly correct standing defects by filing a complaint amended as a matter of course. The case law cited by Defendants involved attempts to retroactively cure standing *after* the filing of the operative complaint and is therefore inapposite. Because iControl had standing at the time of the *operative* Amended Complaint, this Court has jurisdiction over Count I.

Defendants' motion, if granted, would result in substantial waste. The parties and this Court have already carried out months of substantial discovery, motion practice, and pre-trial preparation related to the '690 Patent. Dismissing at this juncture would render all of this effort moot. iControl will be forced to undertake the significant expense and effort of re-litigating all of the issues settled thus far. This Court will be faced with the onerous task of re-hearing disputes that have already been the subject of extensive litigation. Dismissal would not only be unduly burdensome on iControl, but a waste of this Court's resources.

To the extent that the Court determines that iControl lacks standing to bring Count I, the dismissal should be without prejudice. Both the Federal and Fourth Circuits have repeatedly held that dismissals based on standing should be without prejudice unless the jurisdictional defect is not likely capable of being cured. Here, not only is standing likely to be cured; it has already been cured with the assignment of the '690 patent. Thus, if this Court dismisses Count I, it should be without prejudice.

## STATEMENT OF RELEVANT FACTS

iControl filed its initial Complaint on July 10, 2013 alleging infringement of six patents. iControl Comp. at ¶¶ 21-56. Count I alleges infringement of the '690 Patent. *Id.* at 21-26. Shortly after its filing, iControl realized that it had not yet completed assigning the '690 patent from its wholly-owned subsidiary, Vandelay Industries Holding Company, to iControl. iControl immediately corrected this defect by executing a valid assignment of the '690 patent on August 19, 2013 (the "'690 Assignment"). *See* Motion at 3. Alarm.com filed its answer to the initial Complaint on August 30, 2013. Alarm.com Answer. On September 11, 2013, iControl filed its Amended Complaint. iControl Am. Comp..

Subsequent to the Amended Complaint, the parties have conducted substantial pre-trial efforts related to the '690 Patent. Both Defendants have answered the Amended Complaint. FrontPoint's October 31, 2013 Answer includes counterclaims for non-infringement and invalidity on the '690 patent. FrontPoint Ans. to iControl's Am. Comp. ¶¶ 67-73. FrontPoint has already unsuccessfully moved to dismiss both in the Original and Amended Complaints. *See* FrontPoint Motion to Dismiss, Doc. 46; FrontPoint Motion to Dismiss, Doc. 31.

Furthermore, Defendants have conducted significant discovery on the '690 patent. On August 26, 2013 Alarm.com served iControl with its first set of requests for production of

documents. Smith Decl., ¶2. iControl responded on September 10, 2013. *Id*. On August 30, 2013 Alarm.com served iControl with its second set of requests for production of documents. *Id.* at ¶ 3. iControl filed its objections on September 16, 2013. *Id.* On August 30, 2013 Alarm.com served iControl with its first set of interrogatories, and iControl responded on September 30, 2013. *Id.* at ¶ 4. Alarm.com served their second set of interrogatories on October 11, 2013, and iControl responded on November 15, 2013. *Id.* at ¶ 5.

Defendants have already served both preliminary and final invalidity contentions regarding the '690 patent. *Id.* at ¶ 6. iControl rebutted these contentions with extensive analysis directed to the '690 Patent. *Id.* Additionally, iControl has served its preliminary and final infringement contentions; Defendants have already served rebuttal non-infringement contentions. *Id.* at ¶ 7.

The parties have already identified claim terms from the '690 and exchanged proposed constructions. On October 18, 2013 Alarm.com submitted its constructions, including 19 terms from the '690 Patent. *Id.* at ¶ 8. On October 25, 2013, iControl submitted its rebuttal constructions. *Id.*

On November 15, 2013 the parties exchanged opening expert reports. *Id.* at ¶ 9. Defendants' expert James Parker spends over eight pages of his report analyzing the '690 Patent. *Id.* Rebuttal reports are due on December 6, prior to the hearing on Defendants' Motion.

Eleven iControl witnesses have been deposed, and the period for factual depositions has expired. *Id.* at ¶ 10. Defendants have already had an opportunity to elicit testimony from iControl's corporate representative as to any issues relating to the '690 patent.

## LEGAL STANDARD

Patentees and successive owners of a patent—including assignees and in some cases an exclusive licensee—have constitutional standing to bring patent infringement suits. *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578–79 (Fed. Cir. 1991); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309–310 (Fed. Cir. 2003). Courts generally require that plaintiffs have standing when a suit commences. *Paradise Creations, Inc.*, 315 F.3d at 1309. In the context of patent cases, plaintiffs must generally hold qualifying legal rights to an asserted patent when the lawsuit commences to be afforded standing. *Id.* Where a plaintiff does not own a patent when a complaint is filed, the plaintiff's standing cannot be cured by an assignment purporting to grant title to the plaintiff retroactively. *Id.*

## ARGUMENT

**I.  This Court has subject matter jurisdiction over Count I of the Amended Complaint.**

    **a.  iControl's Amended Complaint, filed as a matter of course and subsequent to the '690 assignment, grants this Court jurisdiction.**

A plaintiff may, within twenty-one days of a defendant's answer, amend its complaint once "as a matter of course." Fed. R. Civ. P. 15(a)(1)(B). Courts look to a complaint amended as a matter of course when determining subject matter jurisdiction—not the original complaint. *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 919 (E.D. Va. 1994) *aff'd sub nom. Virginia Beach Policemen's Benev. Ass'n v. Reich*, 96 F.3d 1440 (4th Cir. 1996) (allowing the plaintiff to cure a defect in subject matter jurisdiction in an amended complaint because the "plaintiffs are entitled to amend once as a matter of course"); *Nat'l Alliance For Accessibility, Inc. v. C1 Maryland Bus. Trust*, No. PWG-12-3224, 2013 WL 4229262 (D. Md. Aug. 14, 2013) (holding that it would "accept the Amended Complaint and consider it when evaluating the

justiciabilility of [the] case."); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734 n. 2, 6 (Fed. Cir. 1988) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the *complaint under consideration* was filed.") (emphasis added); *Northlake Cmty. Hosp. v. United States*, 654 F.2d 1234, 1240 (7th Cir. 1981) (allowing amendment to cure defect in subject matter jurisdiction because of amendment as a matter of course); *Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 16 (1st Cir. 2013) (looking to the complaint amended as a matter of course to determine jurisdiction); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

This rule applies to patent cases. *See, e.g.*, *3M Co. v. Kinik Co.*, No. Civ. 04-123 ADM/AJB, 2004 WL 1328268 (D. Minn. June 15, 2004) ("3M amended the Complaint as a matter of right ... [t]he Amended Complaint [for patent infringement] is the operative document from which to determine jurisdiction here."); *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1160-1161 (D. Kan. 2009); *Williams Adv. Materials, Inc. v. Target Tech. Co.*, No. 03–CV–00276(A)(M), 2009 WL 3644357, at *6 (W.D.N.Y. Oct. 28, 2009) ("The critical date for determining whether Target[] has standing to sue for patent infringement is June 8, 2009, the date of its most recently filed pleadings asserting infringement claims ... since 'it is well established that an amended [pleading] ordinarily supersedes the original, and renders it of no legal effect.'").

The line of Federal Circuit cases dealing with retroactive-assignments cited by Defendants does not deviate from this rule. These cases, such as *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998), hold that patentees cannot "automatically cure a

standing defect" by merely obtaining a retroactively-worded assignment. *Enzo,* 134 F.3d at 1093. None of the Federal Circuit cases cited by Defendants address a complaint amended as a matter of course. *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 985 (N.D. Cal. 2011) ("Neither *Schreiber* nor *Enzo* considered a situation where there was a timely amendment filed as of right, as opposed to a party's request for leave to amend after its one-time amendment rights had expired.").

Here, shortly after filing the original Complaint, iControl realized that it had not yet completed assigning the '690 Patent from its subsidiary and promptly cured standing through the '690 Assignment. iControl then filed its Amended Complaint within twenty-one days of Defendant's Answer. Thus, the Amended Complaint was made as a matter of course pursuant to Rule 15(a)(1)(B).[1] Because iControl cured any standing issue by the time iControl amended its complaint as a matter of course, this Court has jurisdiction over Count I running from the filing of the Amended Complaint.

In its Motion, Defendants ignore the distinction between amending a complaint as a matter of course, without the court's discretion and at the outset of the case, and obtaining a retroactively-worded patent assignment.[2] A retroactive assignment of a patent—which is not the

---

[1] The '690 Assignment occurred on August 19, 2013; Alarm.com filed its Answer on August 30, 2013; and, within 21 days of Alarm.com's Answer, iControl filed its Amended Complaint on September 11, 2013.

[2] Alarm.com makes the conclusory statement that "iControl's filing of an Amended Complaint does not remedy its lack of standing," simply citing to *Paradise* which did not address whether amended complaints may cure a standing issue. (Defendants' Mot. To Dismiss at 4). Alarm.com ignores the substantial difference between a complaint amended far into the litigation, which may or may not supersede the original complaint for purposes of jurisdiction, and a complaint amended at the outset of a case as of right which automatically supersedes the original complaint. The single case cited by Defendants', *Paradise Creations, Inc. v. UV Sales,*

situation here—is an attempt to backdate the court's jurisdiction to the date of an operative complaint. A retroactive assignment does not change the fact that the court did not have jurisdiction between the time the complaint was filed, and the time the assignment was executed. In contrast, iControl's prompt correction of the standing defect and subsequent amendment to its complaint as a matter of course squarely granted the Court jurisdiction as of the date of the amended complaint. No backdating is involved, and no jurisdictional issue is created.[3]

> **b. Dismissing where standing has been corrected in a complaint amended as a matter of course would be contrary to the judicial efficiency concerns raised by the Federal Circuit in its patent-standing cases.**

To the extent that Defendants suggest that this Court should expand the retroactive-assignment rule to encompass amending complaints as a matter of course, such an expansion would run counter not only to the general rules for determining jurisdiction cited above—but also to the Federal Circuit's rationale in its patent-standing cases.

The policy behind the Federal Circuit's retroactive-assignment rule, as pointed out by Defendants' in their Motion,[4] is based on a concern that allowing standing to be cured late into the litigation would "enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation . . . [and that] [i]nevitably, delay and expense would be the order of the day." *Enzo*, 134 F.3d at 1093.  This makes sense.  In *Enzo*, for example, the plaintiff delayed for

---

*Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003), did not even address the use of amended complaints to cure jurisdiction. *Id.*

[3] iControl does not even require Count I to relate back to the date of the original Complaint, but rather only seeks to point out the existing jurisdiction running from the date of the Amended Complaint.

[4] See Motion at 3-4.

approximately eight months before seeking a retroactive assignment to cure standing. *Id.* at 1091. Similarly, in *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010), the assignment occurred almost eight months into the litigation. *Abraxis,* 625 F.3d at 1362. These sorts of lengthy delays create obvious costs to judicial efficiency and certainty.

However, where a complaint is amended as a matter of course, the Federal Circuit's rationale does not apply.[5] Amendments made as a matter of course can only occur during a brief window at the outset of the case. And because dismissals based on standing in patent cases are typically without prejudice,[6] requiring a plaintiff to bring another case where standing has already been cured would create the precise type of delay and expense the Federal Circuit has cautioned against. Had the Federal Circuit been faced with a plaintiff curing a standing defect within the brief window provided by Rule 15(a)(1)(B), the judicial-efficiency rationale behind its retroactive-assignment rule would be utterly inapplicable.

The cases considering this issue generally agree that in patent cases amendments as a matter of course should not be treated like retroactive-assignments. *See, e.g., Bushnell, Inc.*, 659 F. Supp. 2d at 1160-1161 (allowing subject matter jurisdiction to be cured in an amended complaint, and noting that denying the amendment and "forcing plaintiff to file a new suit would be a waste of resources ... [and] result in the type of 'delay and expense' which *Enzo* cautioned against"); *Barnes & Noble, Inc.*, 823 F. Supp. 2d at 985 ("Since at least one of the patents . . . was owned by [the party] . . . the Court had subject matter jurisdiction over the action since its

---

[5] The Federal Rules also counsel for an interpretation that increases efficiency. Rule 1 instructs that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

[6] The standard for dismissals based on standing is addressed below.

inception, and the amendment [as of right] merely added certain claims and parties and deleted certain claims, as Plaintiffs were permitted to do under Rule 15(a).").

That this Court indisputably has subject matter jurisdiction over the general dispute between the parties also weighs in favor of jurisdiction. The Court clearly had jurisdiction over iControl's dispute considering that five other patents are at issue. Dismissing a claim because iControl corrected a defect in one fractional portion of its case is simply unnecessary. The court in *Barnes & Noble, Inc. v. LSI Corp.* echoes this sentiment:

> More significantly, there is no dispute that this Court had federal jurisdiction over the original complaint herein since LSI was the owner of one of the patents at issue (the '901 patent). Thus, this is not a case where the district court had no jurisdiction at the time the amended complaint was filed. Since Plaintiffs had standing to assert at least one cause of action, Defendants fail to explain why Plaintiffs could not timely amend their complaint as a matter of right under Rule 15(a).

823 Supp. 2d at 985.

As discussed above in the Statement of Relevant Facts, the parties have spent substantial time and effort litigating the '690 patent. Dismissing the '690 patent so far into this litigation is not only unnecessary in light of the rule that jurisdiction stems from the operative complaint; it would also create precisely the type of judicial waste the Federal Circuit has cautioned against.

II.     **The Federal and Fourth Circuits' have instructed that dismissal should be without prejudice where, as here, standing is likely capable of being cured.**

The Federal and Fourth Circuits have "repeatedly emphasized that a dismissal for lack of standing should generally be without prejudice." *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009); *see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (reversing the district court's dismissal made "with prejudice," and stating that "[a] dismissal for lack of standing—or

any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"). In fact, "the law universally disfavors dismissing an action with prejudice based on lack of standing, and there is a strong presumption that such a dismissal is improper." *Univ. of Pittsburgh*, 569 F.3d at 1332-33 ("The district court should have dismissed the action without prejudice, which would allow [the plaintiff] to file a second action with the standing defect cured through the joinder of the proper parties *or an assignment of the necessary patent rights*.") (emphasis added); *see also Fieldturf, Inc. v. Sw. Recreational Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) ("Ordinarily, dismissal for lack of standing is without prejudice."); *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) (explaining that a dismissal for lack of standing is necessarily without prejudice because the court lacked subject matter jurisdiction and thus could not reach the merits of the claim); *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (same); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-19 (10th Cir. 2006) (same and collecting cases); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248, 334 U.S. App. D.C. 280 (D.C. Cir. 1999) (modifying a dismissal to be without prejudice because "dismissals for lack of jurisdiction are not decisions on the merits and therefore have no res judicata effect on subsequent attempts to bring suit in a court of competent jurisdiction").

It is difficult to imagine a case more suited for dismissal without prejudice than where standing has already been cured near the outset of the trial, as it has here. This is not a case where iControl has had repeated, unsuccessful opportunities to cure standing. Nor is this a case where iControl's ability to cure standing is uncertain. iControl had a minor defect in patent

ownership at the onset of this case, and iControl promptly and completely cured any potential defect with the '690 Assignment.

Not one single case cited by Defendants went against the presumption that dismissals for lack of standing should be without prejudice. *See Abraxis*, 625 F.3d at 1368 ("[R]emand[ing] with instructions for the district court to dismiss Abraxis's complaint *without* prejudice.") (emphasis added); *Paradise Creations, Inc.*, 315 F.3d at 1310 ("Accordingly, we hold that this case was properly dismissed for want of standing, though the plaintiff may refile the action."); *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 311 (D. Del. 1995) (dismissing patent claim based on standing, without prejudice, and stating "in most circumstances [the court should] dismiss the claim without prejudice. A decision regarding standing is not a decision on the merits. When a party is dismissed on the basis of standing it generally should not be barred from properly litigating the issue once it obtains standing."); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1207 (Fed. Cir. 2005) ("The case is remanded to the district court for a new trial.").

Despite the overwhelming presumption that dismissals based on standing are without prejudice, Defendants do not provide any support for their prejudice contention. Defendants simply state that dismissal should be with prejudice because "standing for lack of title in patent infringement actions cannot be cured retroactively." Motion at 2. No such dismissal rule exists. That a party cannot "retroactively" cure standing within the same lawsuit says nothing about what a party can do once a claim is dismissed. The Federal and Fourth Circuits have addressed the argument that dismissals based on defective standing should be with prejudice—repeatedly. And, absent a substantial showing that standing cannot be cured or that some extreme prejudice will lie, the Circuits have rejected it every time.

Consequently, because any potential standing issue was cured near the outset of this case, if this Court dismisses Count I it should be without prejudice.

### III. CONCLUSION

For the forgoing reasons, Plaintiff iControl respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety, or in the alternative, to Dismiss Count I without prejudice.

Dated: November 22, 2013            Respectfully submitted,

           */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com
Email: mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*

-15-

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 22, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marc Khadpe (*pro hac vice*)
Teena-Ann Sankoorikal (*pro hac vice*)
Daniel Weinstein (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Roger Brooks (*pro hac vice*)
Stefan Howard Atkinson (*pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
Email: mkhadpe@cravath.com
Email: tsankoorikal@cravath.com
Email: dweinstein@cravath.com
Email: aharasymiak@cravath.com
Email: rgbrooks@cravath.com

Dabney J. Carr, IV
Robert A. Angle
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
dabney.carr@troutmansanders.com
roberts.angle@troutmansanders.com

*Counsel for Defendant Alarm.com, Inc.*

Michael A. Oakes
Virginia State Bar No. 42745
Alysa N. Youngson
Virginia State Bar No. 82838
Bradley T. Lennie
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moakes@hunton.com
ayoungson@hunton.com
blennie@hunton.com

*Counsel for Defendant FrontPoint Security*

Solutions, LLC

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Matthew B. Chmiel
Virginia State Bar No. 65334
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
Email: mewarmbier@kaufcan.com
Email: senoona@kaufcan.com
Email: mbchmiel@kaufcan.com

James C. Yoon (*pro hac vice*)
Ryan R. Smith (*pro hac vice*)
Alyssa N. Knutson (*pro hac vice*)
Mary Procaccio-Flowers (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jyoon@wsgr.com
Email: rsmith@wsgr.com
Email: aknutson@wsgr.com
Email: mprocaccioflowers@wsgr.com

*Counsel for Plaintiff iControl Networks, Inc.*