IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ICONTROL NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13cv00834 (LMB/IDD) |
| ) | |
| ALARM.COM INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

On November 8, 2013, Alarm.com Incorporated and FrontPoint Security Solutions, LLC ("Defendants") filed a joint Motion to Dismiss Count I of the Amended Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Dkt. No. 79] and a Motion to File Documents Under Seal ("Motion to Seal") [Dkt. No. 82]. Plaintiff has filed an opposition to defendants' Motion to Dismiss [Dkt. No. 102] and a response to defendants' Motion to Seal [Dkt. No. 93]. Defendants have also filed a reply in support of their Motion to Dismiss [Dkt. No. 105]. Because the matter has been fully briefed and oral argument will not assist in the decisional process, defendants' motions will be resolved on the briefs submitted by the parties.

I. BACKGROUND

On July 10, 2013, plaintiff iControl Networks, Inc. ("Plaintiff") filed a Complaint for Patent Infringement ("Original Complaint") [Dkt. No. 1]. On September 11, 2013, plaintiff filed

its First Amended Complaint for Patent Infringement ("Amended Complaint") [Dkt. No. 37]. Count I of both complaints alleges infringement of United States Patent No. 7,262,690 (the "'690 Patent"). See Original Complaint at ¶¶ 21-26; Amended Complaint at ¶¶ 21-27.

## II. DISCUSSION

### A. Motion to Dismiss

Defendants move to dismiss Count I of the Amended Complaint under Fed. R. Civ. P. 12(b)(1), arguing that plaintiff did not own the '690 patent when it filed its Original Complaint and therefore lacked Article III standing at that time to bring an action alleging infringement of the '690 patent. Memorandum in Support of Defendants' Motion to Dismiss Count I of the Amended Complaint for Lack of Subject Matter Jurisdiction ("Defs.' Mem.") [Dkt. No. 80] at 2-3. Defendants argue further that plaintiff's lack of standing cannot be cured by amending the Original Complaint. Id. at 3-4.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. The burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. See United States v. Hayes, 515 U.S. 737, 743 (1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

2

There is no dispute that when plaintiff filed the Original Complaint, Vandelay Industries Holding Company ("Vandelay") was the assignee of the '690 patent. See Defs.' Mem. at 2-3, Ex. 1; Memorandum in Support of Plaintiff iControl Network, Inc.'s Opposition to Defendants' Motion to Dismiss Count I of the Amended Complaint for Lack of Subject Matter Jurisdiction ("Pl.'s Opp.") [Dkt. No. 102] at 3. The parties also agree that Vandelay did not assign the '690 patent to plaintiff until August 19, 2013, after the filing of the Original Complaint but before the filing of the Amended Complaint. See Defs.' Mem. at 3, Exs. 2-4; Pl.'s Opp. at 3.

Plaintiff does not contest that it lacked standing to bring an action for infringement of the '690 patent when it filed the Original Complaint, but argues that it corrected this defect by filing the Amended Complaint after it acquired ownership of the '690 patent. See Pl.'s Opp. at 8. The issue at the heart of defendants' motion is whether an amended complaint, filed as of right, may cure plaintiff's lack of standing as to the '690 patent and allow the Court to exercise subject matter jurisdiction over Count I from the date of the amendment.

It is a "longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" Keene Corp. v. United States, 508 U.S. 200, 207 (1993) (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824)); Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992) (pointing

3

out that "standing is to be determined as of the commencement of suit."); see also Minneapolis & St. Louis R. Co. v. Peoria & Pekin Union Ry. Co., 270 U.S. 580, 586 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought.").

This same principle applies to patent infringement actions. "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original). If a plaintiff is unable to carry its burden and prove that it was the owner of the asserted patent at the time the action was commenced, any infringement claim as to that patent must be dismissed. See Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of standing because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed.").

Filing an amended complaint does not cure this defect. Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1366 n.3 (Fed. Cir. 2010) ("While Abraxis filed an amended complaint . . . we look to the date of the original Complaint . . . because 'the jurisdiction of the Court depends on the state of things at the time of the action brought.'") (quoting Keene, 508 U.S. at 207, and citing Schreiber

4

Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1203 n.7 (Fed. Cir. 2005) ("The initial standing of the original plaintiff is assessed at the time of the original complaint, even if the complaint is later amended.")).

Plaintiff proffers no argument and cites no case law undermining the binding Supreme Court and Federal Circuit authority outlined above, but argues that dismissing its claim for infringement of the '690 patent would be inefficient, effectively "requiring a plaintiff to bring another case where standing has already been cured," and would result in "the precise type of delay and expense the Federal Circuit has cautioned against." Pl.'s Opp. at 9. In Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093-94 (Fed. Cir. 1998), the Federal Circuit stated that "'[p]ermitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.'" (quoting Procter & Gamble Co. v. Paragon Trade Brands, Inc., 917 F.Supp. 305, 310 (D.Del. 1995)).

Plaintiff's argument does not justify the creation of a judicial-efficiency exception to the Supreme Court and Federal Circuit Article III standing jurisprudence that is binding on this Court. Moreover, plaintiff's argument that the judicial-efficiency

5

rationale behind the Federal Circuit's refusal to allow retroactive assignments to cure standing does not and should not apply where, as here, a complaint is amended as a matter of course is unpersuasive. See Enzo, 134 F.3d at 1093-94; Pl.'s Opp. at 9 (speculating that "[h]ad the Federal Circuit been faced with a plaintiff curing a standing defect within the brief window provided by Rule 15(a)(1)(B), the judicial-efficiency rationale behind its retroactive-assignment rule would be utterly inapplicable."). For all of these reasons, defendant's Motion to Dismiss Count I of the Amended Complaint will be granted.

### B. Motion to Seal

Defendants move to seal an unredacted memorandum in support of their Motion to Dismiss and the attached Exhibit 4. Defendants' Memorandum in Support of Motion to File Documents Under Seal [Dkt. No. 83]. Plaintiff concurs in defendants' Motion to Seal. See Dkt. Nos. 93-94.

The Supreme Court has recognized a common law right to inspect and copy judicial records and documents. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The common law presumption in favor of access to judicial records may be overcome if competing interests outweigh the public's interest in access. Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). In determining whether competing interests outweigh the public's interest in access, the court must balance

considerations such as "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).

The defendants' memorandum at issue purportedly contains confidential information governed by the Confidentiality Stipulation and Protective Order the parties agreed to ("Protective Order") [Dkt. No. 41]. Consistent with Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000), the parties argue that the information they seek to seal is proprietary and commercially sensitive and that the information is "confidential" within the meaning of the Protective Order, has not been made public, and would cause plaintiff competitive harm if disclosed to the public.

A review of the materials the parties seek to have sealed reveals that they primarily deal with how plaintiff obtained ownership of the '690 patent. Patent ownership is a matter of public knowledge and not sufficiently "sensitive" to justify sealing. The parties' labelling that information "confidential" under their Protective Order is insufficient to overcome the common law presumption in favor of access to judicial records. Virginia Dep't of State Police, 386 F.3d at 575; In re Knight, 743 F.2d at 235; see also K.S. v. Ambassador

7

Programs Inc., Civil Action No. 1:10cv00439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) (citing P & G v. Bankers Trust Co., 78 F.3d 219, 222, 225 (6th Cir. 1996) (parties may not be allowed to determine on their own whether documents merit sealing)). For these reasons, defendants' Motion to Seal will be denied.

### III. CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss [Dkt. No. 79] is GRANTED and defendants' Motion to Seal [Dkt. No. 82] is DENIED, and it is hereby

ORDERED that Count I of the Amended Complaint be and is DISMISSED WITHOUT PREJUDICE, and it is further

ORDERED that defendants immediately file an unredacted copy of their memorandum in support of their Motion to Dismiss with the attached Exhibit 4, and it is further,

ORDERED that the hearing on defendants' Motion to Dismiss presently set for 10:00 a.m. on Friday, December 13, 2013 be and is CANCELLED.

The Clerk is directed to remove this matter from the December 13, 2013 motions docket and forward copies of this Order to counsel of record.

Entered this 11th day of December, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge